**Patrick F. D'AMICO, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 97–786.**

United States Court of Appeals for Veterans Claims.

March 23, 1999.

Theodore C. Jarvi was on the brief for the appellant.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Andrew J. Waghorn were on the pleadings for the appellee.

Before HOLDAWAY, IVERS, and GREENE, Judges.

HOLDAWAY, Judge:

The appellant, Patrick F. D'Amico, appeals the February 1997 decision of the Board of Veterans' Appeals (BVA or Board) that determined that he had not submitted new and material evidence to reopen a March 1979 VA administrative decision that his character of discharge was a bar to eligibility for VA benefits. The Court has jurisdiction of this matter under 38 U.S.C. § 7252(a). For the following reasons, the Court will affirm the decision of the Board.

## I. FACTS

The appellant served on active duty in the U.S. Marine Corps from November 1960 to September 1964. The character of his discharge was "undesirable." In September 1966, a VA administrative decision was issued that determined that the veteran's discharge was under dishonorable conditions because of willful and persistent misconduct. In May 1977, the appellant applied to have his discharge upgraded under the "Department of Defense Discharge Review Program (SPECIAL)." In June 1977, the Secretary of the Navy issued a decision upgrading the appellant's discharge. In November 1977, a VA regional office (VARO) received notice of the Department of the Navy's decision. The letter indicated that the appellant had been issued a general discharge certificate, and an attached DD 214MC, Report of Separation from Active Duty (Form DD 214MC), indicated that the appellant's discharge was under honorable conditions. In May 1978, the Department of the Navy issued another letter to the appellant stating the following:

Another review of your discharge has been completed by the Naval Discharge Review Board [ (NDRB) ] as required by Public Law 95–126. As a result of this review, the Board has made a preliminary determination that you would not qualify for upgrading under the new[ ] uniform standards for discharge review. *The character of discharge, General or Honorable, that you received from the previous review under the DOD—Special Discharge Review Program has not been changed.*

(Emphasis added.) A June 27, 1978, final decision of the NDRB indicated that the appellant's discharge classification was "GENERAL."

In July 1978, the appellant applied for VA loan guarantee benefits. The VARO informed the appellant that it was making a character of discharge determination regarding his eligibility and informed him that he

could submit evidence in support of his claim. An undated reference slip, signed by the VA Director, Compensation and Pension Service (Director), stated the following:

This is a special upgraded discharge case reviewed under PL 95–126. The upgrade was *DENIED* upon a second review and entitlement to VA benefits is dependent on the original discharge. The language of the attached second review is ambiguous[;] therefore[,] this flash should remain with this document in the claims folder.

In November 1978, the appellant submitted a letter explaining the reasons for his absence-without-leave (AWOL) violations.

In March 1979, the Secretary issued an administrative decision that the appellant had been discharged under dishonorable conditions and that he was not eligible for VA benefits. As part of the decision, the adjudicator stated that the NDRB had determined that the appellant's upgrade to a discharge under honorable conditions should not be confirmed. The Secretary sent a notice of the decision to the appellant. However, the appellant did not appeal the decision.

In May 1992, the appellant applied for service connection for residuals of a shoulder dislocation during service. As part of his claim, the VARO received a copy of the appellant's Form DD 214MC that had been certified by the Department of the Navy. The certification stated, "I certify the original document to be evidence acceptable under VA Regulations 1200 Series." The certification was dated May 27, 1992. The VARO sent the appellant a letter in August 1992 stating that his discharge in 1964 was a bar to the payment of VA benefits and that he had been notified of that decision in September 1979. The letter also indicated that the special upgraded discharge he had previously received "was denied upon the second review by the service department's review board."

In September 1992, the appellant filed a Notice of Disagreement. The appellant also claimed that he had never received notice of the 1979 determination regarding his character of discharge. He also submitted a letter explaining that his periods of AWOL were caused by personal problems when he was seventeen years old, but that he had served honorably thereafter and deserved an honorable discharge and eligibility for VA benefits. In March 1993, the appellant submitted a VA Form 9, Appeal to Board of Veterans' Appeals, stating that his evidence of an upgraded discharge, dated in March 1992, was new and material evidence. The appellant also stated that he was submitting a timely appeal in March 1992 to the 1979 determination. The Board denied the appellant's request to reopen the 1979 determination that he was not eligible for VA benefits because he had not submitted any new evidence.

## II. ANALYSIS

█ "A person seeking VA benefits must first establish by a preponderance of the evidence that the service member, upon whose service such benefits are predicated, has attained the status of veteran." *Holmes v. Brown*, 10 Vet.App. 38, 40 (1997); *see also Laruan v. West*, 11 Vet.App. 80, 85 (1998) (en banc); *Aguilar v. Derwinski*, 2 Vet.App. 21, 23 (1991). "The term 'veteran' means a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable." 38 U.S.C. § 101(2). For purposes of characterizing an individual's discharge from service, a discharge issued under honorable conditions is binding on VA. *See* 38 U.S.C. § 3.12(a) (1998). If a person was discharged under conditions other than honorable, including an undesirable discharge, the Secretary is required to make a determination regarding whether the discharge was issued under other than dishonorable conditions. *See* 38 C.F.R. § 3.12(c), (d). Where the Secretary determines that a person's discharge from service was under dishonorable conditions, the payment of pension, compensation, or dependency and indemnity compensation benefits, based on that period of service, is barred. *See* 38 C.F.R. § 3.12(a)–(d).

Generally, a decision by a service-department discharge review board to upgrade a person's discharge to honorable or general is sufficient to set aside any bar to VA benefits except a discharge pursuant to a general court martial. *See* 38 C.F.R. § 3.12(f). However, a discharge upgraded pursuant to

the Department of Defense's Special Discharge Review Program (Special Discharge Review Program), which became effective on April 5, 1977, is an exception to the general rule. *See* 38 U.S.C. § 5303(e)(2); 38 C.F.R. § 3.12(h)(3). No person who has been issued an other than honorable discharge, whose discharge was upgraded pursuant to the Special Discharge Review Program, is entitled to VA compensation or pension benefits unless the upgrade was based on a case-by-case review. *See id.* That review must have been based on "uniform published standards ... and procedures generally applicable to all persons administratively discharge or released from active ... service under other than honorable conditions." 38 U.S.C. § 5303(e)(1).

The legislative history for section 5303 indicates that the Special Discharge Review Program was set up to award automatic discharge upgrades to persons who served during the Vietnam era and met specified criteria, unless there existed compelling reasons to the contrary. *See* H.R.Rep. No. 95–580, at 7–8, 10 (1977), *reprinted in* 1977 U.S.C.C.A.N. 2844, 2851. Congress found that the Special Discharge Review Program discriminated against former military personnel who had been administratively discharged under other than honorable conditions, but had not served during the Vietnam era. *Id.* at 10–13. For that reason, Congress provided that a service-department discharge review board must reconsider the facts relating to each discharge upgraded under the Special Discharge Review Program and issue a separate determination about whether or not, under generally applicable standards that existed prior to the Special Discharge Review Program, it would have granted the upgrade. *Id.* at 15. If the second decision was not favorable, the person would not be entitled to VA benefits, except for chapter 17 health-care treatment. *Id.* Pursuant to a compromise agreement on a related Senate bill, veterans could "keep whatever upgraded discharge 'paper' they received under any such 'special' program," but eligibility for VA benefits would be based on the "second" determination. 123 Cong. Rec. 1307 (1977), *reprinted in* 1977 U.S.C.C.A.N. 2880.

In 1978, the NDRB issued a "second determination" finding that the appellant did not qualify for a discharge upgrade under the uniform standards. The appellant was able to retain the general discharge he received earlier, but it was not effective under section 5303(e) to establish entitlement to VA benefits. For eligibility purposes, the original character-of-discharge was still in effect. Based on the original undesirable discharge, the Secretary issued an administrative decision in 1979 that the appellant's character of discharge was under dishonorable conditions and that it acted as a bar to VA benefits, except for chapter 17 health-care benefits.

A denial of veteran status is not subject to reopening under 38 U.S.C. § 5108. *See Laruan,* 11 Vet.App. at 85 (explaining that only persons who have established veteran's status are entitled to the relaxed evidentiary standard under section 5108 of what constitutes "new and material" evidence); *Sarmiento v. Brown,* 7 Vet.App. 80, 84 (1994) ("Because [the] appellant 'never attain[ed] the status of claimant,' he did not submit any claim, well grounded or otherwise, and therefore[,] there was no finally denied claim which could have been reopened under 38 U.S.C. § 5108."). However, a person is also not barred from subsequently applying for reconsideration of VA's denial. *See Laruan,* 11 Vet.App. at 81–85 (holding that where an administrative decision in 1952 determined that the appellant was discharged under dishonorable conditions and the appellant subsequently applied to have his character of discharge changed, the BVA should have reviewed the application under the preponderance of the evidence standard instead of for "new and material" evidence under section 5108, and affirming the Board's order denying benefits); *Sarmiento,* 7 Vet.App. at 83–84 (holding that when a person never attains the status of a "claimant" under title 38, the person "did not submit any claim, well grounded or otherwise, and therefore there was no finally denied claim which could have been reopened under [section 5108]."); *see also Tulingan v. Brown,* 9 Vet.App. 484, 487 (1996) ("[W]here a veteran has lost his status as a benefits-eligible claimant, he must establish it anew by a preponderance of the evi-

dence."). Regardless of the fact that an individual seeking to establish veteran status has been termed by the Court as a nonclaimant filing a nonclaim, there is nevertheless an application filed and an adjudication of that application, and the VA "action or determination" in the adjudication of the applicant's claim of veteran status still becomes final, i.e., res judicata, if not timely appealed. *See* 38 U.S.C. § 7105(c). It is undisputable that an original VA denial of veteran status is appealable to the Board and then to this Court. *See* 38 U.S.C. § 7104(a). Under general civil and administrative law, in order to obtain readjudication of a final denial of veteran status, at a minimum, a person must submit some different factual basis that was not previously considered. *See, e.g.,* 66 C.J.S. *New Trial* § 130 (1998).

█  In this matter, the appellant submitted a copy of his DD 214MC, which states that his discharge was under honorable conditions. An exact copy of that DD 214MC was considered by the Secretary in 1979. He also submitted a statement repeating that his periods of AWOL were caused by "personal problems as a 17[-]year[-]old kid." As noted by the Board, that information was also considered in 1979. Therefore, the appellant has not submitted any evidence that would have justified reconsideration of the 1979 final VA character-of-discharge decision. The Court holds that in this case, as a matter of law, the 1979 character-of-discharge decision was not subject to reconsideration absent presentation of a new factual basis, and the Court will affirm the decision of the Board. *See Laruan, supra.* The Board's reliance on 38 U.S.C. § 5108 in determining that new evidence had not been submitted was nonprejudicial error. *See* 38 U.S.C. § 7261(b).

### III. CONCLUSION

Accordingly, the Board's February 1997 order denying relief is AFFIRMED based on the reasons provided by the Court which are divergent with those of the Board. *See* 38 U.S.C. § 7261(a)(3); *Laruan, supra.*