**Patrick F. D'AMICO, Claimant–Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent–Appellee.**

No. 99–7110.

United States Court of Appeals, Federal Circuit.

April 7, 2000.

Kenneth M. Carpenter, Carpenter Chartered, Topeka, Kansas, argued for claimant-appellant.

Katherine M. Kelly, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued for respondent-appellee. On the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; Mark A. Melnick, Assistant Director; and John C. Einstman, Trial Attorney. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel; and Michael J. Timinski, Attorney, Department of Veterans Affairs, Washington, DC.

Before MAYER, Chief Judge, LOURIE, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

Patrick F. D'Amico appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the order of the Board of Veterans' Appeals ("Board") refusing to reopen his 1978 claim for veteran's benefits. *See D'Amico v. West,* 12 Vet.App. 264 (1999). Because the Veterans Court applied the wrong legal standard when it affirmed the Board's order, we vacate the court's decision and remand for further proceedings consistent with this opinion.

## BACKGROUND

Mr. D'Amico served on active duty in the United States Marine Corps from No-

vember of 1960 until September of 1964, when he received an "undesirable" discharge. In 1966, the Department of Veterans' Affairs ("Agency") determined that this discharge was dishonorable. In 1977, Mr. D'Amico applied to have his discharge upgraded under the Department of Defense Discharge Review Program. The discharge was upgraded to an honorable discharge pursuant to the program on June 20, 1977, and Mr. D'Amico received a Department of Defense Form DD 214 MC documenting the upgrade.

Congress has decided that a person whose discharge is upgraded under the Department of Defense Discharge Review Program is not entitled to veteran's benefits unless an additional case-by-case review of the discharge reveals that the upgrade was appropriate under uniform, published standards and generally applicable procedures. *See* 38 U.S.C. § 5303(e)(2)(A) (1994); *D'Amico v. West,* 12 Vet.App. 264, 266 (1999). In 1978, the Naval Discharge Review Board conducted an additional review of Mr. D'Amico's discharge and determined that he did not qualify for an upgrade under generally applicable standards. Mr. D'Amico was notified of this determination and informed that he might not be eligible for veteran's benefits. After Mr. D'Amico failed to request a hearing or review of the determination, it became final on June 27, 1978.

In July of 1978, Mr. D'Amico applied for veteran's loan guarantee benefits. He was informed that the Agency was reviewing the nature of his discharge and was given an opportunity to submit evidence in support of his application. In response, Mr. D'Amico submitted a letter explaining the absent without leave ("AWOL") absences upon which his undesirable discharge was partially based. In March of 1979, the Agency issued a decision that Mr. D'Amico had been discharged under dishonorable conditions and that, therefore, he was not entitled to veteran's benefits.

In May of 1992, Mr. D'Amico applied for service-connected disability benefits and enclosed a copy, certified by the Department of the Navy on May 27, 1992, of the form DD 214 MC issued under the Department of Defense Discharge Review Program. The Agency denied Mr. D'Amico's application, citing the 1979 decision that his discharge had been dishonorable. In response, Mr. D'Amico filed a Notice of Disagreement, in which he stated that he had never received notice of the 1979 decision and in which he explained his AWOL absences. In March of 1993, Mr. D'Amico filed an appeal with the Board. In the appeal, he argued that the 1979 decision did not become final because he never received notice of it. He also argued that the evidence of his discharge upgrade, dated in 1992, was new and material evidence that warranted reopening of his 1978 claim under 38 U.S.C. § 5108 (1994).

The Board determined that the 1979 decision had become final because the record showed that notice of the decision had been mailed to the address Mr. D'Amico had provided to the Agency, and because Mr. D'Amico had not presented evidence to rebut the presumption that he had received the notice. The Board also determined that it would not reopen Mr. D'Amico's claim because he had not presented new and material evidence as required by 38 U.S.C. § 5108. Specifically, the Board reasoned that the documents Mr. D'Amico had submitted since the 1979 decision were copies of documents that were of record when the decision was rendered and that the explanations submitted by Mr. D'Amico since the 1979 decision were cumulative of statements considered at the time of the decision. The Board therefore refused to reopen Mr. D'Amico's 1978 claim. *See D'Amico,* at 265.

Mr. D'Amico timely appealed to the Veterans Court. There, he argued that the "new and material evidence" requirement imposed by the Board should not have

been applied to his 1992 claim for service-connected disability benefits because there had been no previous denial of a claim for such benefits. Mr. D'Amico also argued that the 1979 decision had not become final because he never received notice of it and that, even under the 1979 decision, he was entitled to medical benefits. Finally, Mr. D'Amico contended that the Agency had failed to comply with its duty to assist him when it processed his 1978 claim for veteran's loan guarantee benefits and when it processed his 1992 claim for disability benefits.

The Veterans Court affirmed the decision of the Board, but on grounds different from those upon which the Board had relied. *See D'Amico,* at 268. The court cited *Holmes v. Brown,* 10 Vet.App. 38, 40 (1997), for the rule that a person seeking veteran's benefits bears the burden of establishing his veteran status by a preponderance of the evidence. *See id.* at 264. The court also recognized that prior Veterans Court cases have held that "[a] denial of veteran status is not subject to reopening under 38 U.S.C. § 5108." *Id.* at 265 (citing *Laruan v. West,* 11 Vet.App. 80, 85 (1998); *Sarmiento v. Brown,* 7 Vet.App. 80, 84 (1994)). According to those cases, the new and material evidence standard of section 5108 does not apply when the original claim was denied because veteran status had not been established. *See id.* The court noted, however, that there was no absolute bar to reconsideration of such a denied claim. *See id.* (citing *Laruan,* 11 Vet.App. at 81–85; *Sarmiento,* 7 Vet.App. at 83–84; *Tulingan v. Brown,* 9 Vet.App. 484, 487 (1996)). The court looked to "general civil and administrative law" to determine the circumstances under which readjudication could be obtained. *Id.* at 265 (citing 66 C.J.S. New Trial § 130 (1998)). The court held that a final denial of veteran status could be reconsidered upon the presentation of "some different

factual basis that was not previously considered" by the Agency. *Id.* Because Mr. D'Amico had not submitted any evidence or arguments that had not been considered when the 1979 decision was made, the court determined that he was not entitled to reconsideration of the Agency's 1979 decision. *See id.* The Veterans Court therefore affirmed the Board's refusal to reopen Mr. D'Amico's 1978 claim. *See id.* As far as the Board's reasoning was concerned, the court determined that the Board's reliance on 38 U.S.C. § 5108 when determining that new evidence had not been submitted was nonprejudicial error. *See id.*

## DISCUSSION

◼ Our jurisdiction with respect to a decision of the Veterans Court is limited to review of the validity of any statute or regulation, or any interpretation thereof, upon which the court relied in making its decision. *See* 38 U.S.C. § 7292(a) (1994); *In re Bailey,* 182 F.3d 860, 865 (Fed.Cir. 1999). We do not have jurisdiction to review a factual determination or an application of a law or regulation to the facts unless a constitutional issue is presented. *See* 38 U.S.C. § 7292(d)(2) (1994); *In re Bailey,* 182 F.3d at 865. We will set aside any interpretation of a law or regulation that we find to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See* 38 U.S.C. § 7292(d)(1) (1994); *In re Bailey,* 182 F.3d at 865.

### A.

◼ Mr. D'Amico argues that the Veterans Court misinterpreted 38 U.S.C. § 5108 when it determined that the statute does not apply when the original claim was disallowed because the claimant had not established his status as a veteran. At oral argument, the Agency agreed with

Mr. D'Amico on this issue.[1] We hold that section 5108 applies to the reopening of a claim regardless of the grounds on which the claim was previously disallowed.

A claim for veteran's disability benefits has five elements: (1) veteran status; (2) existence of a disability; (3) service connection of the disability; (4) degree of disability, and (5) effective date of the disability. *See Maggitt v. West,* 202 F.3d 1370, 1375 (Fed.Cir.2000); *see also* 38 U.S.C. § 1110 (1994) (setting forth the basic requirements for compensation for a disability resulting from active military service during a period of war); 38 U.S.C. § 1131 (1994) (setting forth the basic requirements for a disability resulting from active military service during other than a period of war). The veteran must have been "discharged or released under conditions other than dishonorable." 38 U.S.C. § 1110; 38 U.S.C. § 1131. Thus, although Mr. D'Amico was a "veteran" in the sense that he served in the armed forces, he could not have "veteran status" so as to be entitled to veteran's benefits if he was dishonorably discharged.

Section 5108 provides:

### Reopening disallowed claims

If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.

38 U.S.C. § 5108. Nothing in the statutory language suggests that the statute does not apply to claims that originally were disallowed because the claimant's veteran status was not established.

The Veterans Court developed its interpretation of section 5108 through a series of cases that can be traced to *Aguilar v. Derwinski,* 2 Vet.App. 21 (1991). In *Aguilar,* the Veterans Court stated that a person must establish his veteran status by a preponderance of the evidence, and that the person is not a "claimant" under 38 U.S.C. § 5107(a) until he meets that burden. *See id.* at 23. According to the Veterans Court, if the burden is not met, the person is not entitled to a determination of whether his claim is well-grounded under section 5107(a), is not entitled to assistance from the Secretary under section 5107(a),[2] and is not entitled to the benefit of the doubt under 38 U.S.C. § 5107(b).[3] *See id.*

The Veterans Court did not explain why it was imposing this higher burden of proof for the element of veteran status until its recent *en banc* decision in *Laruan.* The *Laruan* court did not rely on any statutes or regulations to support its position, but reasoned that because the Agency was created for the benefit of veterans, a person seeking veteran's benefits must bear the initial burden of establishing his veteran status. *See Laruan,* 11 Vet. App. at 85. The court determined that until that burden is met, the veteran's

1. Since the Veterans Court decided Mr. D'Amico's appeal, it has issued an *en banc* decision which states that "[u]nder currently applicable law, ... the Secretary must reopen a previously and finally disallowed claim when 'new and material evidence' is presented or secured." *Trilles v. West,* 13 Vet.App. 314, 326 (2000) (citing 38 U.S.C. § 5108). Although *Trilles* addresses the reopening of a claim that was denied on forfeiture grounds, both parties cite *Trilles* as demonstrating that the Veterans Court should have applied 38 U.S.C. § 5108 to the reopening of Mr. D'Amico's claim.

2. The statute provides in pertinent part that "a person who submits a claim for benefits ... shall have the burden of submitting evidence sufficient to justify a belief ... that the claim is well grounded. The Secretary shall assist such a claimant in developing the facts pertinent to the claim." 38 U.S.C. § 5107(a) (1994).

3. "When ... there is an approximate balance of positive and negative evidence regarding the merits of [a material] issue ... the benefit of the doubt in resolving each such issue shall be given to the claimant." 38 U.S.C. § 5107(b) (1994).

statutes and Agency resources "are not applicable or available." *Id.* The court reasoned that "Congress could not have intended that persons without requisite veteran status would benefit from the statutory presumptions and enactments reserved for veterans," and it determined that "the preponderance of the evidence standard common in civil and administrative litigation" should apply to the element of veteran status. *Id.* The court also determined that the lenient "new and material evidence requirement" for reopening a claim set forth in 38 U.S.C. § 5108 is available only to veterans. *Id.*

Although the *Laruan* court cited the legislative history of the Veterans' Judicial Review Act—Veterans' Benefits Improvement Act of 1988, under which 38 U.S.C. §§ 5107 and 5108 were enacted, no statement in the legislative history supports the court's interpretation of those sections. The court cited the portion of the legislative history that provides a historical overview of legislation providing relief for people disabled in the service of their country. That passage merely notes that "'the Continental Congress promised to provide pensions to those disabled in the cause of American independence.'" *Laruan*, 11 Vet.App. at 85 (quoting H.R.Rep. No. 100–963, at 9 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5782, 5790). There is no indication in the legislative history that Congress intended to limit the new and material evidence standard of section 5108 to persons who have established their veteran status to the satisfaction of the Agency. The relevant legislative history describes the new and material evidence requirement as applying to "a claimant[ ]" seeking review of "any prior decision affecting the claimant with respect to benefits under laws administered by the [Agency]." H.R.Rep. No. 100–963, at 37 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5782, 5819.

We therefore conclude, based on the language of the statute and the pertinent legislative history, that the new and material evidence requirement set forth in 38 U.S.C. § 5108 applies to the reopening of claims that were disallowed for any reason. Any decisions of the Veterans Court to the contrary, including *Laruan* and its progeny, are hereby overruled.

## B.

■ Mr. D'Amico also argues that the Veterans Court erred when it determined that he would have to establish his veteran status by a preponderance of the evidence instead of merely having to satisfy the well-grounded complaint threshold of 38 U.S.C. § 5107(a). As noted above, the Veterans Court made reference to this requirement in its opinion. *See D'Amico*, at 264. However, the court's decision was not based on a determination that Mr. D'Amico had failed to satisfy the preponderance of the evidence standard. Accordingly, we are without jurisdiction to review this issue. *See* 38 U.S.C. § 7292(a).

## C.

■ Although the Agency agreed at oral argument that the Veterans Court should have applied 38 U.S.C. § 5108 to the reopening of Mr. D'Amico's claim, it asks us to affirm the court's decision, arguing that the court's error was harmless. The Agency states that the Board already has determined that Mr. D'Amico failed to satisfy the new and material evidence requirement of 38 U.S.C. § 5108, and it asserts that this determination clearly was correct. Because we are without jurisdiction to decide whether Mr. D'Amico has presented new and material evidence, *see Routen v. West*, 142 F.3d 1434, 1437 (Fed. Cir.1998), we cannot affirm the Veterans Court on this ground.

## CONCLUSION

For the foregoing reasons, the decision of the Veterans Court is vacated. The

case is remanded to the court so that it may consider Mr. D'Amico's appeal under the proper standard, as set forth above.[4]

*VACATED* and *REMANDED*.

## COSTS

Each party shall bear its own costs.

---

**4.** We understand that the following issues will be before the Veterans Court on remand: whether it was proper for the Board to apply the new and material evidence standard of section 5108 to Mr. D'Amico's 1992 application for service-connected disability benefits when the claim that was denied in 1979 sought only loan guarantee benefits; whether the 1979 decision ever became final; whether Mr. D'Amico is entitled to some medical benefits under the 1979 decision; whether the Agency failed to comply with its duty to assist Mr. D'Amico when it processed his claim for loan guarantee benefits; and whether the Agency failed to comply with its duty to assist Mr. D'Amico when it processed his claim for disability benefits.