**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 99-1567

ANTHONY W. OLIPHANT, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before HOLDAWAY, STEINBERG, and GREENE, *Judges*.

**O R D E R**

The appellant, Anthony W. Oliphant, through counsel, appeals an August 1999 decision of the Board of Veterans' Appeals (Board) that found that the character of the appellant's discharge was a bar to VA benefits. The appellant argues that (1) he entered into a voluntary separation program with the U.S. Navy and that had the terms of that agreement been fulfilled, he would have received an honorable discharge; (2) the U.S. Navy failed to treat his mental disorder, which then caused him to engage in misconduct that led to his discharge; and (3) he was persecuted during his military service on account of his race and religion.

On November 9, 2000, the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), was enacted. The VCAA, among other things, amended 38 U.S.C § 5103 to clarify VA's duty to notify claimants and their representatives of any information or evidence that is necessary to substantiate their claims. Of significance, section 5103(a), as amended provides:

> Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and . . . which portion, if any[,] the Secretary, in accordance with section 5103A of this title and any other applicable provision of law, will attempt to obtain on behalf of the claimant.

VCAA § 3(a). The VCAA also created § 5103A, which specifies VA's duty to assist.

On January 30, 2001, the Court ordered the parties to submit supplemental memoranda addressing the VCAA's applicability to the appellant's claims. On March 30, 2001, the Secretary filed a response to the Court's order; he recommends a remand for readjudication in light of the

enactment of the VCAA pursuant to *Holliday v. Principi*, 14 Vet.App. 280 (2001) (holding that the VCAA may be "potentially applicable to claims pending on the date of the VCAA's enactment.") On May 21, 2001, the appellant filed a response to the Court's order in which he agrees that such a remand is warranted, but also asks the Court to instruct the Board to find that the appellant is a claimant under 38 U.S.C. § 5100.

There is no need for the Court to specifically order the Board to label the appellant as a "claimant." *See D'Amico v. West*, 209 F.3d 1322 (Fed. Cir. 2000). Furthermore, when a remand is ordered , the Court will not, as a general rule, in the exercise of its discretion, address other putative errors raised by the appellant. *See Best v. Principi* __ Vet.App. __, No. 99-1144 (May 15, 2001) (per curiam order). "A remand is meant to entail a critical examination of the justification for the decision." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991); *see also Holliday*, 14 Vet.App. At 286 (Court should not "at least at this time, . . . determine VCAA applicability or inapplicability in the first instance"); *Baker v. West*, 11 Vet.App. 163, 168 (1998) (not function of Court to make determination under *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991), "in the first instance"). The Court expects that the Board will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case. *See Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).

On remand, the appellant is free to submit additional evidence and argument in accordance with *Kutcherousky v. West*, 12 Vet.app. 369, 372-73 (1999) (per curiam order). The Board shall proceed expeditiously, in accordance with section 302 of the Veterans' Benefits Improvement Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court).

Upon consideration of the foregoing, it is

ORDERED that the August 1999 Board decision is VACATED and the matter is REMANDED to the Board for readjudication consistent with this order.

STEINBERG, *Judge*, concurring: I join in the Court's order vacating and remanding. I note that the medical care that the appellant is seeking might be available to him were he to obtain an upgrading of his bad conduct discharge to undesirable. *See* Pub. L. No. 95-126, § 2, 91 Stat. 1106, 1107-08 (requiring that VA health care be provided to person who served on active duty for any disability incurred or aggravated in line of duty even though person is otherwise barred by character of discharge as long as person did not receive bad conduct discharge); 38 C.F.R. § 3.360(b) (2000) (implementing statutory provision).

DATED: July 10, 2001                                    PER CURIAM.