# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-786

PATRICK F. D'AMICO, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before HOLDAWAY, IVERS, and GREENE, *Judges*.

## O R D E R

In an opinion dated March 23, 1999, the Court affirmed the February 27, 1997, decision of the Board of Veterans' Appeals (BVA) that concluded that the appellant had failed to submit new and material evidence to reopen a previously disallowed claim for VA benefits. *D'Amico v. West*, 12 Vet.App. 264 (1999). The appellant subsequently perfected an appeal to the United States Court of Appeals for the Federal Circuit (Federal Circuit). On April 7, 2000, the Federal Circuit remanded this appeal in order for the Court to address certain questions regarding the application of the "new and material" standard of 38 U.S.C. § 5108 and the duty to assist. *D'Amico v. West*, 209 F.3d 1322 (Fed. Cir. 2000). On April 16, 2001, the Court vacated the BVA decision and remanded the matter in light of the enactment of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000). *D'Amico v. Principi*, 14 Vet.App. 321 (2001). The appellant, through counsel, subsequently filed an application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d)(1)(B).

In this case, the appellant's claim was remanded solely in light of the VCAA's enactment. Because the remand thus was not predicated upon administrative error, the appellant is not a prevailing party under the merits theory. *See Vaughn v. Principi*, 15 Vet.App. 277, 279 (2001) (per curiam order), *appeal docketed,* No. 02-7019 (Fed. Cir. Nov. 29, 2001); *Sumner v. Principi*, 15 Vet.App. 256, 264-65 (2001) (en banc), *appeal docketed*, No. 02-7082 (Fed. Cir. Dec. 27, 2001). Moreover, the catalyst and inevitable-victory tests are not viable means to attain prevailing-party status. *See Vaughn, supra; Thayer v. Principi*, 15 Vet.App. 204, 211 (2001), *appeal docketed*, No. 02-7012 (Fed. Cir. Nov. 29, 2001). Accordingly, the appellant cannot be considered a prevailing party for EAJA purposes.

Upon consideration of the foregoing, it is

ORDERED the appellant's EAJA application is DENIED.

DATED:     July 9, 2002                    PER CURIAM.