NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ANDRE L. JACKSON,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7108

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-2026, Judge William A. Moorman.

---

Decided: November 23, 2010

---

ANDRE L. JACKSON, of Little Rock, Arkansas, pro se.

KIMBERLY I. KENNEDY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

and HAROLD D. LESTER, JR., Assistant Director.  Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————

 Before BRYSON, PLAGER, and CLEVENGER, *Circuit Judges.*

PER CURIAM.

Andre L. Jackson appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("BVA") to deny his claim for service connection of tuberculosis ("TB").  *See Jackson v. Shinseki*, No. 08-2026 (Vet. App. April 10, 2010).  We *affirm*.

I

Mr. Jackson was exposed to TB during active military service.  The available medical service records confirm the exposure with a positive test result in April of 2004 for purified protein derivative ("PPD") of tuberculin.  Because of the TB infection in his body, Mr. Jackson was treated from June 29, 2004 until March 11, 2005 with a prophylactic treatment, isoniazid ("INH") medication, to knock out the infection before it had a chance to develop into active TB.  Mr. Jackson's medical service records for the time at which he was exposed to TB and for his in-service INH medication could not be found, despite a diligent search by the Department of Veterans Affairs ("agency").

The agency's Schedule for Rating Disabilities provides a 100 percent rating for service-connected TB as an active disease.  *See* 38 C.F.R. § 4.88b, diagnostic code 6311.  The schedule also provides a 100 percent rating for inactive

TB, but only if a veteran has first acquired active TB. *See* 38 C.F.R. § 4.88c. Thus, in order for a veteran to obtain a 100 percent rating for active or inactive TB, the veteran must first establish that he acquired TB as an active disease.

## II

Mr. Jackson served on active duty in the United States Army from December 1983 to August 1989, from November 1996 to November 2000, and from February 2003 to May 2004. During his final tour of duty in Kuwait and Iraq, he was exposed to TB, a fact which the agency does not dispute. Mr. Jackson asserts that the record of his separation medical examination in May of 2004 would show that he "was diagnosed with the virus TB," the residuals of which still remain in his body. Mr. Jackson also refers to medical treatment he received after separation from the Army, showing that he indeed had been exposed to TB and had been treated with INH medication that prevented the TB germs from manifesting themselves as active TB.

In January 2006, Mr. Jackson filed a claim seeking service connection for TB. The agency's regional office denied his claim on November 29, 2006, on the grounds that "medical evidence of record fails to show that [TB] has been clinically diagnosed." Mr. Jackson appealed that adverse ruling to the BVA. At a hearing before the BVA in February 2008, Mr. Jackson confirmed that he had been exposed to TB during service, and that during treatment he was told he should "take medicine for nine months . . . to get it under control" and that "[i]t would never go away, but [he] would have to, maybe one day take some more medications and get check ups to keep it under control." The BVA concluded that Mr. Jackson did

not have a current diagnosis of TB, and that he was not competent to diagnose such a condition on his own. Because a veteran is required to have a current malady in order to establish service connection, the BVA affirmed the denial of his claim by the regional office.

Mr. Jackson appealed to the Veterans Court. The Veterans Court reiterated that though Mr. Jackson had been exposed to TB during service and had been treated for the exposure, "there is no medical indication that the veteran ever actually developed either active or inactive TB." The Veterans Court further noted that Mr. Jackson did not allege that the missing medical records contain information that he previously was diagnosed with active TB nor did Mr. Jackson contend that he has a current diagnosis of TB, active or inactive. Because the law requires a current disability in order to sustain a veteran's claim to benefits, *see D'Amico v. West*, 209 F.3d 1322, 1326 (Fed. Cir. 2000), and because the record fails to show that Mr. Jackson has ever been, or is now, diagnosed with TB, the Veterans Court affirmed the BVA's denial of Mr. Jackson's claim to service connection for TB.

III

Mr. Jackson timely appealed to this court. Pursuant to 38 U.S.C. §§ 7292(a) and 7292(d), this court has limited jurisdiction to review final decisions of the Veterans Court. We, in essence, are restricted to deciding legal issues that arise in a veteran's case because we are expressly barred from deciding factual issues unless such factual issues are entwined in constitutional issues.

Mr. Jackson's brief to this court refers to certain legal provisions that he believes were misapplied. His reference to 38 C.F.R. § 3.310 (calling for compensation for

residuals) is misplaced, because that provision requires proof of a service-connected disability before residual conditions associated with such a disability can be awarded. Because the record discloses only a diagnosis of exposure to TB, not a diagnosis of the TB disease itself, section 3.310 is of no benefit to Mr. Jackson. Similarly, we reject his assertion that the agency failed to satisfy its duty to assist him under 38 C.F.R. § 3.159 when the agency was unable to find his service medical records concerning his exposure to TB and his treatment immediately thereafter. The full record before the BVA, which this court specifically requested and fully reviewed, shows that the agency made reasonable efforts to find the missing records. In other missing record cases, we have declined to draw adverse inferences against the agency due to its inability to find pertinent records. *See Cromer v. Nicholson*, 455 F.3d 1346, 1350-51 (Fed. Cir. 2006). We thus will not infer that the missing medical records in fact disclose a diagnosis of active TB.

Mr. Jackson also alludes to 38 U.S.C. § 1111, which creates a statutory presumption of soundness when a veteran's entry medical examination reveals no disabilities. The provision is not helpful to Mr. Jackson, other than to note that the agency does not contend that he was exposed to TB earlier than when in service in Kuwait and Iraq. The fact that Mr. Jackson was free of TB germs when he entered service does not prove that he was ever diagnosed with having the disease of TB.

In sum, Mr. Jackson's case turns entirely on whether he has ever been diagnosed with the TB disease. There is no question that he has been exposed to TB, and that he carries enough TB germs in his system to test positive for inactive TB. We repeat the advice given to him by the BVA:

> If at some point in the future the veteran actually develops TB, his prophylactic treatment to prevent this notwithstanding, then he is encouraged to file another claim for this condition. But unless and until that occurs, there is no basis for granting his claim because he does not have this alleged condition, as would be established by the required diagnosis of it.

In connection with the BVA's advice to Mr. Jackson, we note that the agency does not disagree with Mr. Jackson's specific claim that he is entitled, as part of the agency's duty to assist, to be provided with an agency medical examination to determine if he currently has TB as a disease.

## IV

At base, we are left with the factual question of whether Mr. Jackson has ever been diagnosed with the TB disease, as opposed to being diagnosed with exposure to TB. As a jurisdictional matter, we must accept the finding by the Veterans Court that Mr. Jackson has not demonstrated service connection for TB because he has not yet shown that he has been diagnosed with the TB disease. Having rejected Mr. Jackson's legal arguments, we affirm the final decision of the Veterans Court.

### COSTS

No costs.