DYK, Circuit Judge,
concurring-in-part and dissenting-in-part.
I join Part I of the majority opinion because I agree that the Veterans Court erred by stating that a medical examination report cannot be used to establish the occurrence of an in-service stressor. However, I respectfully dissent from the majority’s conclusion that this error was harmless. Contrary to the majority, I think that the Board of Veterans’ Appeals (“Board”) also applied an incorrect, heightened standard for when a medical report could be used to corroborate an in-service stressor.
The mental health professional who examined Ms. Menegassi concluded that he had “no reason to disbelieve” her “description of [her] military sexual trauma” and that “the veteran’s post traumatic stress disorder was at least as likely as not, caused by the sexual trauma she suffered during her active military service.” J.A. 54. Mental health professionals have expertise in formulating conclusions based primarily on a patient’s recollections of his or her own experiences. In fact, in many ways it is the essence of the job. This is why the regulation requires that their reports be considered.
In rejecting the examiner’s report, the Board reasoned:
That the examiner or other mental health professionals believed the veteran is insufficient to find that his nexus opinion verifies the occurrence of the inservice stressor in this case. Expertise in psychiatry, psychology, social work, or sexual trauma is not expertise in determining the credibility of an historical account based simply on the report of an alleged victim of personal assault.
Here, because the veteran’s claim is not based on a combat stressor, her own statements cannot provide the necessary verification that the alleged inservice stressor occurred. As just explained, that verification cannot come solely from the after-the-fact opinions of medical professionals where those opinions derive only from the veteran’s statements.
In re Menegassi, No. 04-24 178, slip op. at 13 (Bd.Vet.App. Feb. 27, 2008) (emphasis added).
In my view, this language clearly shows that the Board adopted a categorical, bright-line rule that an examination report can never be sufficient corroboration when the “opinion[ ] derives only from the veteran’s [after-the-fact] statements.” See id. Although perhaps not identical to the Veterans Court’s rule, such a categorical rule runs afoul of 38 C.F.R. § 3.304(f)(5) just as the Veterans Court rule does.
The majority concludes that “[r]eading these sentences in the context of the entirety of the Board’s analysis,” the Board considered the medical report and therefore applied the correct standard. Maj. Op. at 1383 n. 3. Although the Board said the evidence was “insufficient to find that [the medical] nexus opinion verifies the occurrence of the inservice stressor in this case,” its rationale for that conclusion was a categorical rule. See In re Menegassi, slip op. at 13 (emphasis added).
If the Board had been required to apply the correct standard, we cannot know whether the Board or Veterans Court would have come to a different conclusion on the merits after considering the medical examiner’s opinion. Therefore, to find harmless error would require a “factual *1385 determination or an application of a law ... to the facts.” D’Amico v. West, 209 F.3d 1322, 1325 (Fed.Cir.2000). We are forbidden to do so. Id.; see also 38 U.S.C. § 7292(d)(2). I respectfully dissent from the majority’s decision to affirm the Veterans Court on harmless error grounds.