Citation Nr: AXXXXXXXX
Decision Date: 05/27/21 Archive Date: 05/27/21

DOCKET NO. 200219-64060
DATE: May 27, 2021

REMANDED

Entitlement to service connection for posttraumatic stress disorder (PTSD), for compensation purposes, is remanded.

Entitlement to service connection for tinnitus, for compensation purposes, is remanded.

Entitlement to service connection for hearing impairment of the right ear, for compensation purposes, is remanded.

REASONS FOR REMAND

The appellant served on active duty in the United States Marine Corps from April 2005 to April 2007, including a deployment to Iraq from January 2006 to August 2006. The appellant was discharged in April 2007 with a characterization of service under other than honorable conditions due to misconduct. See DD Form 214.

A rating decision was issued under the legacy system in November 2017 and the appellant submitted a timely notice of disagreement. In January 2020, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). The appellant opted the claim(s) into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a February 2020 VA Form 10182, Decision Review Request: Board Appeal, identifying the January 2020 SOC. Therefore, the January 2020 SOC is the decision on appeal.

In the February 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the January 2020 decision on appeal. 38 C.F.R. § 20.301.

As it pertains to the issues currently on appeal, the appellant submitted a claim for entitlement to service connection for PTSD, tinnitus, and a right ear hearing loss disability in January 2017. See January 2017 VA Form 21-526EZ. In order to qualify for VA compensation benefits, a claimant or the party upon whose service the claimant predicates the claim must be a "veteran." A veteran is defined as a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable. 38 U.S.C. § 101(2); 38 C.F.R. § 3.1(d). Thus, a claimant must establish as a threshold matter that the period of service on which the claim is based was terminated by discharge or release under conditions other than dishonorable. 38 C.F.R. § 3.12(a). 

In a May 2017 letter, VA notified the appellant that the character of his discharge from service under other than honorable conditions is a bar to the receipt of VA (compensation) benefits due to willful and persistent misconduct. See also May 2017 VA administrative decision (noting the appellant is entitled to healthcare benefits under 38 U.S.C. Chapter 17 for any disabilities determined to be service-connected). Under 38 C.F.R. § 3.12(d)(4), a discharge because of willful and persistent misconduct is considered to have been issued under dishonorable conditions. This includes a discharge under other than honorable conditions, if it is determined that it was issued because of willful and persistent misconduct. Such discharge is a bar to the payment of VA benefits unless it is found that the person was insane at the time of committing the offense causing such discharge or release. 38 U.S.C. § 5303(b); 38 C.F.R. § 3.12(b). 

In a November 2017 rating decision, the appellant was awarded service connection, for treatment purposes only under 38 U.S.C. Chapter 17, for PTSD and tinnitus. Service connection for treatment purposes only under 38 U.S.C. Chapter 17 for hearing impairment of the right ear was denied on the grounds that the appellant's right ear hearing impairment does not meet the criteria to be considered a disability for VA purposes. See 38 C.F.R. § 3.385. However, the January 2020 statement of the case indicates that service connection for treatment purposes only for right ear hearing impairment was granted based on a clinical diagnosis of right ear hearing impairment and a medical opinion establishing a nexus to military noise exposure. See November 2017 VA hearing loss examination. 

In his February 2018 notice of disagreement, the appellant indicated that he seeks entitlement to service connection, for disability compensation purposes, for PTSD, tinnitus, and hearing impairment of the right ear. See D'Amico v. West, 209 F.3d 1322, 1326 (2000) ("[a] claim for veteran's disability benefits has five elements: (1) veteran status; (2) existence of a disability; (3) service connection of the disability; (4) degree of disability; and (5) effective date of the disability"). As such, with respect to the current appeal before the Board, consideration is limited to the threshold issue of whether the "veteran status" element is met for the appellant's service connection claims for PTSD, tinnitus, and hearing impairment of the right ear. 

In considering the evidence of record at the time of the January 2020 statement of the case, service records include a statement from the appellant concerning the circumstances leading to the misconduct that resulted in his discharge under other than honorable conditions. The appellant indicated that things had started to fall apart in his life, and that his personal problems drove him to heavy drinking, drug use, apathy, and severe depression. In a February 2007 Report of Medical History, the appellant reported anxiety, severe depression, and cocaine use. In an April 2017 VA mental health assessment, the appellant reported that he experienced mental health symptoms following his deployment to Iraq, and that he began drinking excessively and using illicit drugs. See also November 2017 VA PTSD examination (appellant described using cocaine to self-medicate symptoms of PTSD).

In light of the above, the Board finds the issue of whether insanity can be an exception to the bar to VA benefits has been raised by the record. Under 38 C.F.R. § 3.354(a), insanity is defined as "one who, while not mentally defective or constitutionally psychopathic, except when a psychosis has been engrafted upon such basic condition, exhibits, due to disease, a more or less prolonged deviation from his normal method of behavior; or who interferes with the peace of society; or who has so departed (become antisocial) from the accepted standards of the community to which by birth and education he belongs as to lack the adaptability to make further adjustment to the social customs of the community in which he resides." 

The term "insanity" refers to a condition involving conduct which deviates severely from the social norm or interferes grossly with the capacity to meet the ordinary demands of life. See VAOPGCPREC 20-97. The Board adds that VA's General Counsel has held that behavior which is generally attributable to a particular substance-abuse disorder does not exemplify the severe deviation from the social norm or gross nature of conduct which is generally considered to fall within the scope of the term insanity, and therefore, does not constitute insane behavior under 38 C.F.R. § 3.354(a). Id.

Although insanity need not be causally connected to the misconduct that led to the discharge, it must be concurrent with that misconduct and requires competent medical evidence to establish a diagnosis. Gardner v. Shinseki, 22 Vet. App. 415, 419 (2009). In this regard, the Board notes that the duty to assist applies to all claimants, regardless of whether they have established veteran status. Id at 421. While there is no competent medical evidence in service treatment records establishing the diagnosis of a mental disorder concurrent with the appellant's misconduct, the appellant reported symptoms of a mental health disorder in service and has been diagnosed with PTSD following his separation from service. 

In this case, the agency of original jurisdiction denied the appellant's claim for entitlement to service connection, for compensation purposes, for PTSD, tinnitus, and a right ear hearing loss disability prior to obtaining a medical opinion as to whether the appellant was "insane" (as defined by VA regulations) at the time of the misconduct resulting in his discharge. Given the evidence of record at the time of the January 2020 statement of the case raising the issue of insanity, the Board finds the failure to obtain a medical opinion constitutes a duty to assist error.

On remand, all appropriate action should be taken to remedy this pre-decisional duty to assist error. 

The matters are REMANDED for the following action:

Obtain a medical opinion from a psychologist or psychiatrist as to whether the appellant had a mental disorder at the time of the misconduct that resulted in his separation under other than honorable conditions. Following a review of the claims file, to include the decision herein, the psychologist or psychiatrist should respond to the following:

(a.) Did the appellant, due to disease, exhibit a more or less prolonged deviation from his normal method of behavior concurrent with his misconduct in service?

(b.) Did the appellant, due to disease, interfere with the peace of society concurrent with his misconduct in service?

(c.) Did the appellant, due to disease, depart (become antisocial) from the accepted standards of the community to which by birth and education he belonged as to lack the adaptability to make further adjustment to the social customs of the community in which he resided concurrent with his misconduct in service?

(Continued on Next Page)

All opinions should be supported by a medical explanation or rationale. 

 

V. Chiappetta

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board B. Mask, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.