NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROB W. ROBERTS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1128

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5244, Judge Amanda L. Meredith, Judge Coral Wong Pietsch, Judge Joseph L. Falvey, Jr.

---

Decided:  April 10, 2024

---

ROB ROBERTS, Wausau, WI, pro se.

KRISTIN ELAINE OLSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before DYK, MAYER, and TARANTO, *Circuit Judges*.

PER CURIAM.

Rob W. Roberts appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying him an earlier effective date for disability compensation claims. We <u>affirm</u> in part and <u>dismiss</u> in part.

## BACKGROUND

Mr. Roberts served in the U.S. Marine Corps from January 1981, to January 1984, and in the U.S. Army from October 1987, to March 1993. He received an honorable discharge from the Marine Corps, and his service in the Army is considered honorable for VA purposes through March 1993. He also served in the U.S. Army from April 1993, to July 2002. For this period, Mr. Roberts received a dishonorable discharge.

On January 13, 2003, Mr. Roberts filed a disability benefits claim for hearing loss, tinnitus, anxiety, depression, chronic fatigue syndrome ("CFS"), joint aches, trigeminal neuralgia, memory loss, and muscle aches. In April 2005, the VA regional office ("RO") denied all benefits. Mr. Roberts filed a Notice of Disagreement ("NOD") in April 2006, stating he disagreed with "all determinations denying [his] claim." S.A. 2. In this NOD, Mr. Roberts also requested to amend his claim to include abdominal pain, cramps, diarrhea, irritable bowel syndrome ("IBS"), flaking skin, a rash, lesions, lipomas, and sinus blockage.

In December 2007 the RO granted Mr. Roberts a 10% rating for the conditions of tinnitus, CFS, muscle aches, and joint aches with neuralgia, disabilities which were listed in the January 13, 2003, claim. The benefits were given an effective date of January 13, 2003. The RO had also construed Mr. Roberts' requested amendment as a new claim for IBS, skin problems, and a sinus condition,

and in May 2007 denied benefits for those conditions. Mr. Roberts filed a NOD in September 2008. In January 2010, the RO granted Mr. Roberts benefits for IBS, effective April 24, 2006, the date of his NOD in which he requested to amend his claim to include IBS. Mr. Roberts appealed the RO's decision, disagreeing as to the effective dates on the theory that each claim had an effective filing date of January 13, 2003, within one year of his release or discharge.

The Board of Veterans' Appeals ("Board") issued a decision on August 9, 2022, denying earlier effective dates than: (1) January 13, 2003, for tinnitus and fibromyalgia; (2) April 24, 2006, for IBS; and (3) June 9, 2016, for a 70% rating for PTSD and a 60% rating for CFS.[1] The Board remanded several other matters. Mr. Roberts appealed to the Veterans Court.

The Veterans Court affirmed the Board's denial of an earlier effective date for tinnitus, fibromyalgia, IBS, PTSD, and CFS. Additionally, the Veterans Court rejected Mr. Roberts' arguments that the "VA violated its duty to assist and his due process rights, unreasonably delayed the claims process, failed to consider evidence from his third period of service, and misapplied the requirements for establishing service connection, including on a presumptive basis." S.A. 11.

Mr. Roberts appeals.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. Except for constitutional issues, we may not review any "challenge to a factual determination" or

---

[1] The Board also denied an earlier effective date than June 9, 2016, for dermatitis, lipomas, and vasomotor rhinitis. However, the Veterans Court vacated and remanded this matter and thus it is not before us.

any "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Additionally, under 38 U.S.C. § 7292(d)(1), we must decide "all relevant questions of law, including interpreting constitutional and statutory provisions" and affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

Mr. Roberts argues for an earlier effective date of "either February 1, 2002, the day following his release, or July 8, 2002, the day after discharge," because under the relevant statute, a disability claim filed within one year of release or discharge is entitled to an effective date of the release or discharge. Appellant Br. 15. Mr. Roberts points to 38 U.S.C. § 5110(b)(1) which provides that "[t]he effective date of an award of disability compensation to a veteran shall be the day following the date of the veteran's discharge or release if application therefor is received within one year from such date of discharge or release." Since Mr. Roberts applied for benefits on January 13, 2003, which was within one year of his discharge or release, he argues that he should be granted an earlier effective date under the statute.

However, 38 U.S.C. § 101(2) provides that a "veteran" is "a person who served in the active military, naval, air, or space service, and who was discharged or released therefrom under conditions other than dishonorable." Implementing the statute, the regulations provides that "[s]eparation from service means <u>separation under conditions other than dishonorable</u> from continuous active service which extended from the date the disability was incurred or aggravated." 38 C.F.R. § 3.400(b)(2)(i) (emphasis added). Thus, "[t]he Board found that, even though the

2003 claim was filed within 1 year of the appellant's third period of service, 'dishonorable periods of service cannot be used to qualify . . . for service connection.'" S.A. 8 (quoting S.A. 18).

Mr. Roberts is not challenging the application of law to the particular facts of his case, nor asking us to re-weigh the relevant facts. Instead, he argues that 38 U.S.C. § 5110(b)(1) is controlling and the regulation should not be followed. Thus, we have jurisdiction under 38 U.S.C. § 7292(c) to review the Veterans Court's interpretation of the statutes and regulation.

We note that Mr. Roberts is not entitled to benefits for his period of service ending in dishonorable discharge. Veteran is defined as "a person who served in the active military, naval, air, or space service, and who was discharged or released therefrom under conditions other than dishonorable." 38 U.S.C. § 101(2). The statute clearly suggests that an individual is not entitled to benefits for periods of service ending in a dishonorable discharge. Indeed, it has long been held that disability benefits are not available for periods of active duty terminating in a dishonorable discharge. *See, e.g.*, *D'Amico v. West*, 209 F.3d 1322, 1326 (Fed. Cir. 2000). Because Mr. Roberts is not entitled to any benefits resulting from his dishonorable discharge, it must follow that he cannot use his dishonorable discharge to secure an earlier effective date for benefits.

Mr. Roberts also argues that the RO should grant him an effective date of January 13, 2003, for IBS because his April 2006, NOD should have been interpreted as an amendment to the January 13, 2003, claim and not a new claim. This is a challenge to the Board's factual determination that Mr. Roberts "had not filed formal or informal claims for [IBS] prior to [April 24, 2006]." S.A. 9–10. We therefore lack jurisdiction over this claim. We have considered Mr. Roberts' other arguments and conclude that we likewise lack jurisdiction over those claims.

CONCLUSION

We hold that the Veterans Court's interpretation of 38 U.S.C. § 5110 and 38 C.F.R. § 3.400 was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  Mr. Roberts' appeal otherwise raises issues not within our jurisdiction.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

COSTS

No costs.