# United States Court of Appeals for the Federal Circuit

---

**MARA N. MENEGASSI,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7091

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-1895, Judge Robert N. Davis.

---

Decided: April 21, 2011

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

SCOTT D. AUSTIN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of

counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC and MARTIE S. ADELMAN, Attorney.

_____

Before RADER, *Chief Judge*, DYK and PROST, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* PROST.
Opinion concurring in part and dissenting in part filed by *Circuit Judge* DYK.

PROST, *Circuit Judge*.

Appellant Mara N. Menegassi appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming the Board of Veterans' Appeals' ("Board's") denial of her claim for entitlement to service connection for posttraumatic stress disorder ("PTSD"). *Menegassi v. Shinseki*, No. 08-1895, 2010 WL 672785 (Ct. Vet. App. Feb. 26, 2010). Though the Veterans Court erred as a matter of law in determining that the opinion of a mental health professional cannot be used to establish the occurrence of a stressor under 38 C.F.R. § 3.304(f)(5) (previously codified at 38 C.F.R. § 3.304(f)(4) and originally codified at 38 C.F.R. § 3.304(f)(3)), the error was harmless and we affirm.

## BACKGROUND

Ms. Menegassi served in the United States Marine Corps from November 1982 to June 1989. Based on this service, Ms. Menegassi filed a claim on January 30, 2001 alleging that she suffers from PTSD resulting from an in-service sexual assault that occurred while she was stationed in Japan in 1984. She received an adverse decision

regarding denial of service connection from the Department of Veterans Affairs ("DVA") Regional Office in St. Petersburg, Florida which she appealed to the Board.

The Board reviewed Ms. Menegassi's appeal and exhaustively considered the evidence available from both the veteran's in-service medical records and other evidence submitted pursuant to 38 C.F.R. § 3.304(f)(5). It determined that there was no evidence of a reported sexual assault or behavioral changes from the in-service medical records, in-service personnel records, or any other records contemporaneous to the veteran's service. Pursuant to the requirements of 38 C.F.R § 3.304(f)(5), the Board also considered evidence from Ms. Menegassi's post-service records. This evidence included records of contact, a 2001 letter written by her colleague, notes from a treatment program, and a medical examiner's opinion. The medical opinion diagnosed Ms. Menegassi with PTSD and opined that it was more likely than not that sexual trauma during service caused her PTSD based on the accounts of the alleged incident relayed by her to the medical examiner. *In re Menegassi*, No. 04-24 178, 2008 WL 4321523 (Bd. Vet. App. Feb. 27, 2008).

Taking all of the evidence into account, the Board determined that the favorable inference provided by the colleague's letter and the medical opinion did not outweigh the negative inference established by the totality of the unfavorable evidence of record. Thus, on February 27, 2008, it denied Ms. Menegassi's claim for service connection for PTSD because it determined that the "preponderance of evidence of record [was] against a finding of verification of the occurrence of the alleged in-service personal assault." J.A. at 84-85.

Ms. Menegassi appealed the Board's decision to the Veterans Court. The Veterans Court affirmed the Board's decision denying service connection for PTSD based on the alleged in-service assault. In its opinion, the Veterans Court noted that "'[a]n opinion by a mental health professional based on a postservice examination of the veteran cannot be used to establish the occurrence of the stressor,'" citing *Cohen v. Brown*, 10 Vet. App. 128, 145 (1997).

## DISCUSSION

"Our jurisdiction to review the decisions of the [Veterans Court] is limited by statute." *Summers v. Gober*, 225 F.3d 1293, 1295 (Fed. Cir. 2000). While this court is authorized to "decide all relevant questions of law, including interpreting constitutional and statutory provisions," we cannot adjudicate "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless a constitutional issue is presented. 38 U.S.C. § 7292(d).

The DVA has promulgated a series of regulations defining the types of evidence that may be used to establish the occurrence of a stressor related to a service member's claim for PTSD. *See generally*, 38 C.F.R. § 3.304(f). Based on the circumstances surrounding the veteran's claim for service connection of PTSD, the use of evidence defined by one of the regulations may be appropriate. *See, e.g.*, *Id.* § 3.304(f)(1)–(5). At issue in this appeal is the regulation that applies specifically to claims of PTSD "based on in-service personal assault." *Id.* § 3.304(f)(5). The regulation states in pertinent part:

> (5) If a posttraumatic stress disorder claim is based on in-service personal assault, evidence

> from sources other than the veteran's service re-
> cords may corroborate the veteran's account of the
> stressor incident. Examples of such evidence in-
> clude, but are not limited to: records from law en-
> forcement authorities, rape crisis centers, *mental
> health counseling centers, hospitals, or physicians*;
> pregnancy tests or tests for sexually transmitted
> diseases; and statements from family members,
> roommates, fellow service members, or clergy. . . .

*Id.* (emphasis added).

## I

Ms. Menegassi argues that the Veterans Court erred by stating that a post-service examination by a mental health professional cannot be used to establish the occurrence of a stressor related to a PTSD claim stemming from an in-service personal assault. Specifically, Ms. Menegassi contends that the DVA noted in its final rule notice issued in the Federal Register that a doctor's diagnosis of PTSD due to personal assault—if competent and credible—in the absence of contrary evidence, would likely constitute competent medical evidence sufficient to corroborate the occurrence of the stressor. *See* 67 Fed. Reg. 10330-31 (Mar. 7, 2002). Thus, Ms. Menegassi asserts that the Veterans Court opinion conflicts with the DVA's interpretation of its own regulation.

The government concedes that the Veterans Court erred as a matter of law by stating that an examination report can be used to establish a diagnosis of PTSD, but cannot be used to establish the occurrence of a stressor.

Congress has given the DVA authority to interpret its own regulations under its general rulemaking authority.

38 U.S.C. § 501. "An agency's interpretation of its own regulation is controlling unless that interpretation is 'plainly erroneous or inconsistent with the regulation.'" *Thun v. Shinseki*, 572 F.3d 1366, 1369 (Fed. Cir. 2009) (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)). That interpretation is given substantial deference, which requires this court to defer to the agency's interpretation "unless an alternative reading is compelled by the regulation's plain language or by other indications of the [agency's] intent at the time of the regulation's promulgation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (quoting *Gardebring v. Jenkins*, 485 U.S. 415, 430 (1988)).

We agree with Ms. Menegassi and the government. We hold that under 38 C.F.R. § 3.304(f)(5), medical opinion evidence may be submitted for use in determining whether the occurrence of a stressor is corroborated. Section 3.304(f)(5) allows a veteran claiming PTSD from an in-service military assault to submit evidence other than in-service medical records to corroborate the occurrence of a stressor. The regulation specifically designates—and the DVA's interpretation contemplates—that medical opinion evidence may be submitted. *See* 38 C.F.R. § 3.304(f)(5) ("Examples of such evidence include, but are not limited to: records from . . . mental health counseling centers, hospitals, or physicians."); 67 Fed. Reg. 10,330.[1] Therefore, the Veterans Court erred when

---

[1] We do not, however, accept Ms. Menegassi's argument that under 38 C.F.R. § 3.304(f)(5) a medical opinion cannot be weighed by the Board in context with the other record evidence. *See* 67 Fed. Reg. 10,330 ("In diagnosing PTSD, doctors typically rely on the unverified stressor information provided by the patient. Therefore, a doctor's recitation of a veteran-patient's statements is no more probable than the veteran-patient's statements

it determined that a medical opinion based on a postservice examination of a veteran cannot be used to establish the occurrence of a stressor.

## II

Notwithstanding its admission that the Veterans Court erred, the government contends that the error was harmless because the Board considered and rejected the submitted evidence in a manner that was fully compliant with the correct legal interpretation of 38 C.F.R. § 3.304(f)(5). The government further asserts that Ms. Menegassi failed to challenge the Board's credibility findings on appeal.

Ms. Menegassi disagrees. She argues that this court cannot conduct a harmless error analysis under its limited jurisdiction. *See* 38 U.S.C. § 7292(d). Specifically, Ms. Menegassi argues that a harmless error analysis is precluded by material facts that are in dispute regarding the weight afforded the medical examiner's opinion based upon her underlying statements—which were found to lack credibility. Ms. Menegassi contends that assessing the Veterans Court's judgment under the correct legal standard would require factual analysis beyond this

----

made to VA. Therefore, VA is not required to accept a doctor's diagnosis of PTSD due to a personal assault as proof that the stressor occurred. . . . Opinions given by such professionals . . . are weighed along with all the evidence provided. . . . VA is not required to accept a doctor's diagnosis of PTSD due to a personal assault as proof that the stressor occurred or that the PTSD is service connected."). The mere submission of a medical opinion, pursuant to 38 C.F.R. § 3.304(f)(5), does not preclude the Board from making a factual determination regarding the weight to be given that opinion.

court's jurisdiction. Thus, Ms. Menegassi requests that this court remand the case to the Veterans Court for a determination as to how 38 C.F.R. § 3.304(f)(5) should be applied in light of its prior error.

A harmless error analysis of the Veterans Court's judgment cannot be conducted when the analysis would require "fact-finding and/or application of law to fact." *D'Amico v. West*, 209 F.3d 1322, 1327 (Fed. Cir. 2000). Our jurisdiction precludes such an analysis. *See* 38 U.S.C. § 7292(d)(2) ("[T]he Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."). We can, however, affirm "a Veterans Court decision on the basis of harmless error when application of the correct legal standard to *undisputed* facts establishes that the judgment of the Veterans Court [is] correct, despite the legal error(s) in its reasoning." *Wood v. Peake*, 520 F.3d 1345, 1348 (Fed. Cir. 2008) (citing *Szemraj v. Principi*, 357 F.3d 1370, 1375–76 (Fed. Cir. 2004)).

Our jurisdictional statute does not foreclose a determination of harmless error under the circumstances of the present case. Here, the Veterans Court erred by interpreting 38 C.F.R. § 3.304(f)(5) to exclude the use of evidence that is specifically allowed by the regulation in making the ultimate determination as to corroboration of a stressor. The agency's regulation here, however, merely defines the scope of allowable evidence to be used in determining whether a stressor is corroborated. The question of whether the Veterans Court's error was harmless, therefore, rests on whether the Board—in its analysis—considered the record evidence as defined by the scope of 38 C.F.R. § 3.304(f)(5). This issue is purely legal, requiring no determination of fact or application of

facts to law.   Thus, we have jurisdiction to determine
whether the Veterans Court's error is harmless.  *See* 38
U.S.C. § 7292(d)(2); *see also* 28 U.S.C. § 2111.[2]

We agree with the government and conclude that the
Veterans Court's error was harmless.  The Board's opin-
ion exhaustively detailed its corroboration analysis.  From
its opinion, it is clear that the Board correctly interpreted
the requirement of 38 C.F.R. § 3.304(f)(5).[3]  Namely, the
Board considered all available evidence relevant to Ms.
Menegassi's attempt to corroborate the occurrence of the
alleged stressor.  Hence, the Board properly fulfilled its
duty to determine whether service connection was estab-
lished upon "review of the entire evidence of record . . .
consistent with the facts in each individual case."   38
C.F.R. § 3.303(a).

---

[2]    *D'Amico* is not to the contrary.  In that case, we
declined to conduct a harmless error analysis because the
statute in question required a factual determination as to
whether the evidence presented was new and material.
*See D'Amico*, 209 F.3d at 1326–27; 38 U.S.C. § 5108.

[3]    At oral argument, counsel for Ms. Menegassi cited
a portion of the Board's opinion which allegedly indicates
that it did not apply the correct standard under 38 C.F.R.
§ 3.304(f)(5).   Oral Arg. at 3:12–4:00, *available at*
http://www.cafc.uscourts.gov/oral-argument-
recordings/2010-7091/all.   *See* J.A. 78–79 ("Expertise in
psychiatry, psychology, social work, or sexual trauma is
not expertise in determining the credibility of an histori-
cal account based simply on the report of an alleged
victim of personal assault. . . . As just explained, that
verification cannot come solely from the after-the-fact
opinions of medical professionals where those opinions
derive only from the veteran's statements.").   Reading
these sentences in the context of the entirety of the
Board's analysis, we disagree.

CONCLUSION

Because the Board considered the record evidence under a correct interpretation of the legal standard imposed by 38 C.F.R. § 3.304(f)(5), the Veterans Court's error was harmless and we affirm.

COSTS

Each party shall bear its own costs.

**AFFIRMED**

# United States Court of Appeals
# for the Federal Circuit

———————————————

**MARA N. MENEGASSI,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

———————————————

2010-7091

———————————————

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-1895, Judge Robert N. Davis.

———————————————

DYK, *Circuit Judge*, concurring-in-part and dissenting-in-part.

I join Part I of the majority opinion because I agree that the Veterans Court erred by stating that a medical examination report cannot be used to establish the occurrence of an in-service stressor. However, I respectfully dissent from the majority's conclusion that this error was harmless. Contrary to the majority, I think that the Board of Veterans' Appeals ("Board") also applied an incorrect, heightened standard for when a medical report could be used to corroborate an in-service stressor.

The mental health professional who examined Ms. Menegassi concluded that he had "no reason to disbelieve" her "description of [her] military sexual trauma" and that "the veteran's post traumatic stress disorder was at least as likely as not, caused by the sexual trauma she suffered during her active military service." J.A. 54. Mental health professionals have expertise in formulating conclusions based primarily on a patient's recollections of his or her own experiences. In fact, in many ways it is the essence of the job. This is why the regulation requires that their reports be considered.

In rejecting the examiner's report, the Board reasoned:

> That the examiner or other mental health professionals believed the veteran is insufficient to find that his nexus opinion verifies the occurrence of the inservice stressor in this case. Expertise in psychiatry, psychology, social work, or sexual trauma is not expertise in determining the credibility of an historical account based simply on the report of an alleged victim of personal assault.
>
> Here, because the veteran's claim is not based on a combat stressor, her own statements cannot provide the necessary verification that the alleged inservice stressor occurred. As just explained, that *verification cannot come solely from the after-the-fact opinions of medical professionals where those opinions derive only from the veteran's statements.*

*In re Menegassi*, No. 04-24 178, slip op. at 13 (Bd. Vet. App. Feb. 27, 2008) (emphasis added).

In my view, this language clearly shows that the Board adopted a categorical, bright-line rule that an

examination report can never be sufficient corroboration when the "opinion[ ] derives only from the veteran's [after-the-fact] statements." *See id.* Although perhaps not identical to the Veterans Court's rule, such a categorical rule runs afoul of 38 C.F.R. § 3.304(f)(5) just as the Veterans Court rule does.

The majority concludes that "[r]eading these sentences in the context of the entirety of the Board's analysis," the Board considered the medical report and therefore applied the correct standard. Maj. Op. at 9 n.3. Although the Board said the evidence was "insufficient to find that [the medical] nexus opinion verifies the occurrence of the inservice stressor *in this case*," its rationale for that conclusion was a categorical rule. *See In re Menegassi*, slip op. at 13 (emphasis added).

If the Board had been required to apply the correct standard, we cannot know whether the Board or Veterans Court would have come to a different conclusion on the merits after considering the medical examiner's opinion. Therefore, to find harmless error would require a "factual determination or an application of a law . . . to the facts." *D'Amico v. West*, 209 F.3d 1322, 1325 (Fed. Cir. 2000). We are forbidden to do so. *Id.*; *see also* 38 U.S.C. § 7292(d)(2). I respectfully dissent from the majority's decision to affirm the Veterans Court on harmless error grounds.