NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAT G. SPANGLER,**

*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2017-1164

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4192, Judge Margaret Bartley.

---

Decided:  July 25, 2017

---

ROBERT CHARLES BROWN, JR., Tommy Klepper & Associates, PLLC, Norman, OK, for claimant-appellant.

ALBERT S. IAROSSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; Y. KEN LEE, MARTIE ADELMAN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, MOORE, and HUGHES, *Circuit Judges.*

PER CURIAM.

Pat G. Spangler appeals from a decision by the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals' denial of benefits under 38 U.S.C. § 1110. Because the Veterans Court did not err in finding the Board only committed harmless error, we affirm.

I

Mr. Spangler served on active duty in the United States Marine Corps from December 1974 to December 1975. According to his service personnel records, he was disciplined twice for failing to report to muster and once for refusing a lawful order to go to bed. He was discharged under honorable conditions after refusing surgery for a right inguinal hernia.

In 1986, Mr. Spangler was hospitalized at Eastern State Hospital in Vinita, Oklahoma for psychiatric evaluation. Both he and his mother reported this as his first mental health inpatient treatment. He also reported that he suffered a hernia in service during calisthenics. When he was discharged from the hospital eight months later, he was diagnosed with a mood disorder and possible depression.

In 1989, Mr. Spangler filed a claim for service connection for PTSD and a nervous disorder associated with service in Vietnam. His claim was denied because his service medical records did not reflect a nervous condition in service and because he never served in Vietnam.

In 1991, Mr. Spangler filed a claim with the Department of Veterans Affairs (VA) for non-service-connected pension benefits. During his VA examination, he reported

that he had been diagnosed with bipolar disorder and first received psychiatric treatment in 1986 at Eastern State Hospital. His claim was approved. In 1992, he reported to a VA physician that he was discharged from the Marines due to conflicts with supervisors and behavior issues.

In 1993, Mr. Spangler was readmitted to Eastern State Hospital for psychiatric evaluation and treatment. His mother reported that he was first admitted to a psychiatric facility in 1986 or 1987.

In 2002, Mr. Spangler was admitted to the Griffin Memorial Hospital in Norman, Oklahoma due to visual hallucinations. He reported that he was discharged from the military because of a psychotic episode.

In 2006, Mr. Spangler requested that the VA reopen his previously denied claim for service connection for a nervous condition. He submitted a private medical record reflecting his report that his drill instructor stomped on his hand during basic training, and submitted other statements indicating that this incident was the cause of his in-service hernia. He also stated that while he was in service he received discipline for getting into several serious fights, and that "he threw a wrench at a four-star general's head and was subsequently beaten with nunchucks by a Special Forces soldier, forcibly placed under hypnosis to forget the beating, and ordered to deny ever having been in the Marine Corps." J.A. 4. The regional office denied service connection for manic depressive disorder, schizophrenia, and an emotional disorder, and declined to reopen previously denied claims for service connection for bipolar disorder and PTSD.

In 2011, Mr. Spangler requested that the VA reopen his claim for service connection for PTSD. He stated that he received psychiatric treatment immediately following service, and his mother and sister submitted corroborating statements. The regional office concluded that records

of that psychiatric treatment were not available and denied reopening of the claim for service connection for PTSD. Mr. Spangler appealed to the Board.

In conjunction with his appeal, Mr. Spangler submitted several reports from private doctors diagnosing him with PTSD due to abuse during the military. These diagnoses were based on Mr. Spangler's statements regarding the drill instructor incident and his report that he had been undergoing psychiatric treatment since he was 18 years old.

In 2015, the Board denied service connection for PTSD or a nervous condition. The Board did not find Mr. Spangler's statements regarding in-service stressors credible and concluded that the private medical opinions relying on those statements therefore lacked probative value. Mr. Spangler appealed, arguing that the Board erred by failing to address 38 C.F.R. § 3.304(f)(5) and *Menegassi v. Shinseki*, 638 F.3d 1379 (Fed. Cir. 2011) (interpreting § 3.304(f)(5) to permit medical opinion evidence to corroborate the occurrence of a stressor).

The Veterans Court agreed that the Board had erred by failing to address these authorities, but concluded that the error was harmless. Mr. Spangler appeals.

II

We have exclusive jurisdiction to decide appeals that challenge a decision of the Veterans Court with respect to a rule of law, including the interpretation or validity of any statute or regulation. 38 U.S.C. § 7292 (d)(1). However, we do not have jurisdiction to review a factual determination or a law or regulation as applied to the facts of a particular case, except to the extent an appeal presents a constitutional issue. *Id*. § 7292(d)(2).

The Veterans Court found that the Board erred by failing to cite § 3.304(f)(5) and *Menegassi*, which both explain that "medical opinion evidence may be submitted

for use in determining whether the occurrence of a stressor is corroborated." 638 F.3d at 1382. Nevertheless, the Veterans Court found that the Board's error was harmless "because the Board considered the positive medical opinions of record linking PTSD to the claimed in-service stressors and properly rejected them because they were based on the veteran's non-credible reports of those stressors." J.A. 9.

Mr. Spangler argues that the Veterans Court was required to issue a remand order rather than finding that the Board committed harmless error. We disagree. The Veterans Court properly found that the Board performed the proper legal analysis. The Board noted in its opinion that it must "weigh the lay and medical evidence submitted," J.A. 62, and explicitly considered the private medical diagnoses, *see* J.A. 67–70. Further, because we do not have jurisdiction to review factual issues, we cannot review the Veterans Court's conclusion that the Board reached the correct result after weighing the evidence.

## III

We have considered Mr. Spangler's remaining arguments but find them unpersuasive. Because the Veterans Court's decision is free from legal error, we affirm.

## AFFIRMED

No costs.