NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOAN M. NAILOS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1415

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-1065, Judge Coral Wong Pietsch, Judge Amanda L. Meredith, Judge Joseph L. Toth.

---

Decided: June 6, 2019

---

JOAN M. NAILOS, Amherst, NY, pro se.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, MOORE, and TARANTO, *Circuit Judges.*

PER CURIAM.

Joan M. Nailos is the surviving spouse of a U.S. Navy veteran. In May 2002 she filed a claim seeking certain benefits from the Department of Veterans Affairs (VA), but the VA's Board of Veterans' Appeals (Board) denied the claim, and the denial was affirmed by the United States Court of Appeals for Veterans Claims (Veterans Court). In November 2009, Ms. Nailos sought to reopen that claim. The Board granted her the benefits at issue, but it denied her request for a May 2002 effective date for those benefits, ruling that the benefits would be given an effective date of November 12, 2009, the date she sought to reopen the 2002 claim. The Veterans Court affirmed the Board's denial of the requested May 2002 effective date.

Ms. Nailos appeals, arguing that the original denial of the May 2002 claim was the result of clear and unmistakable error (CUE). But that challenge is outside our limited jurisdiction: it does not involve a dispute about the interpretation of a law or regulation or a constitutional claim. We therefore must dismiss the appeal.

I

William F. Nailos served on active duty in the U.S. Navy between 1940 and 1946. He died in 2002 of a thrombo-embolism of the pulmonary arteries. At the time of his death, he had been receiving veterans' benefits for physical and mental infirmities related to his service.

Shortly after Mr. Nailos died, his surviving spouse, Ms. Nailos, requested Dependency and Indemnity Compensation (DIC) benefits from the VA. *See* 38 U.S.C. §§ 1310, 1318 (providing for DIC benefits to a veteran's spouse, children, or parents when a veteran's disability is connected to military service or otherwise compensable). In 2004, the

Board denied that claim, finding no service connection of the cause of death. Supplemental Appendix (S.A.) 30–55; *see id.* at 32, 34, 37–46, 55. The Veterans Court affirmed in 2006. S.A. 56–59.

On November 12, 2009, Ms. Nailos sought to reopen her claim based on new and material evidence. *See* 38 U.S.C. §§ 5108, 5110. After some back and forth, the VA, in February 2015, concluded that Mr. Nailos's death was connected to his service and granted benefits with an effective date of November 12, 2009, the date of the request to reopen. S.A. 79–83. The Board agreed. S.A. 84–91. The Veterans Court affirmed. S.A. 10–13. Ms. Nailos timely appealed.

II

Ms. Nailos contends that she is entitled to have a May 2002 effective date for her DIC benefits because the Board's 2004 decision on the 2002 claim was the result of CUE. The Veterans Court rejected that contention. S.A. 12. It ruled that a governing regulation on CUE challenges to Board decisions, 38 C.F.R. § 20.1400(b), made such a challenge unavailable in this case because the Board's 2004 decision had been reviewed by the Veterans Court. S.A. 12.

This court has limited jurisdiction to review a decision of the Veterans Court. *See* 38 U.S.C. § 7292. We can review a Veterans Court decision with respect to a rule of law or the interpretation of a statute or regulation on which that court relied. *See id.* § 7292(a). We may not, however, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless that challenge presents a constitutional question (which Ms. Nailos's appeal does not). *Id.* § 7292(d)(2). Because we conclude that we lack jurisdiction over this matter, we dismiss. *See King v. Shinseki*, 700 F.3d 1339, 1346 (Fed. Cir. 2012).

Ms. Nailos does not raise any meaningful issue as to a legal interpretation of the Veterans Court, and we see no such issue. The statute that provides for CUE challenges to Board decisions, 38 U.S.C. § 7111, has long been implemented by duly promulgated VA regulations, including 38 C.F.R. § 20.1400(b). The regulation makes plain that a CUE challenge to a Board decision is unavailable if the Board decision has been appealed to a court of competent jurisdiction, including the Veterans Court or this court, once the court decides the issue.[1] We have long recognized the validity of the regulations and the meaning of section 20.1400(b) as relevant here. *See Winsett v. Principi*, 341 F.3d 1329, 1331–32 (Fed. Cir. 2003); *Disabled American Veterans v. Gober*, 234 F.3d 682, 693 (Fed. Cir. 2000). The Veterans Court applied that settled meaning. And it also applied the settled legal conclusion that the "benefit of the doubt" rule is not applicable to a CUE challenge. *See Burden v. Shinseki*, 727 F.3d 1161, 1170 (Fed. Cir. 2013); *Yates v. West*, 213 F.3d 1372, 1375 (Fed. Cir. 2000).

In addition to her CUE argument, Ms. Nailos contends that certain hearings were not properly recorded and that transcripts were not available to her. She has not identified why this is legal error. Ms. Nailos also has not shown prejudice from the asserted error. *See Menegassi v. Shinseki*, 638 F.3d 1379, 1383 (Fed. Cir. 2011) (applying the harmless error standard). Where, as here, a claim is

---

[1] The regulation reads as follows:

All final Board decisions are subject to revision under this subpart [concerning CUE] except:

> (1) Decisions on issues which have been appealed to and decided by a court of competent jurisdiction; and
> (2) Decisions on issues which have subsequently been decided by a court of competent jurisdiction.

reopened based on new and material evidence and benefits are then granted, the effective date cannot be earlier than the date on which reopening was sought. *See* 38 U.S.C. § 5110(a); *Leonard v. Nicholson,* 405 F.3d 1333, 1337 (Fed. Cir. 2005). Therefore, because Ms. Nailos cannot as a matter of law be granted an effective date prior to November 12, 2009, any error regarding the recording or transcribing of the 2006 hearing is harmless.

We have considered Ms. Nailos's arguments but find them to be directed to questions of fact or the application of law to fact, rather than to the proper interpretation of a statute or regulation. Given the limits on our jurisdiction, we must dismiss the appeal.

No costs.

**DISMISSED**