NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**BOBBI BROWN,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS
AFFAIRS,**
*Respondent-Appellee*

---

2019-1804

---

Appeal from the United States Court of Appeals for
Veterans Claims in No. 17-2300, Judge Amanda L. Mere-
dith.

---

Decided:  May 12, 2020

---

HAROLD HAMILTON HOFFMAN, III, Veterans Legal Ad-
vocacy Group, Arlington, VA, for claimant-appellant.  Also
represented by MEGHAN GENTILE.

REBECCA SARAH KRUSER, Commercial Litigation
Branch, Civil Division, United States Department of Jus-
tice, Washington, DC, for respondent-appellee.  Also repre-
sented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT
EDWARD KIRSCHMAN, JR.; Y. KEN LEE, BRYAN THOMPSON,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before O'MALLEY, BRYSON, and CHEN, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Bobbi Brown claims entitlement to death benefits based on her marriage to veteran Paul W. Brown. Because the Browns divorced approximately seven months before Mr. Brown passed away, the Department of Veterans Affairs ("VA") and the Board of Veterans' Appeals ("the Board") both denied Ms. Brown's claim. *See Brown v. Wilkie*, No. 17-2300, 2018 WL 6036581, at *1 (Vet. App. Nov. 19, 2018). Specifically, they concluded that the governing statute and regulation—38 U.S.C. § 101(3) and 38 C.F.R. § 3.50(b)—required a claimant to prove she and the veteran were married as of the time of death in order to qualify as a surviving spouse entitled to receive death benefits. *Id.* at *2–3. For different reasons, the Court of Appeals for Veterans Claims ("Veterans Court") affirmed the denial of benefits to Ms. Brown. *Id.* at *4–5.

On appeal, Ms. Brown presents three primary arguments. First, she contends that that the VA, the Board, and the Veterans Court misinterpreted 38 U.S.C. § 101(3)—the statute governing who is considered a "surviving spouse" for purposes of eligibility for death benefits. Appellant's Br. 12. In Ms. Brown's view, because her divorce was the result of alleged domestic violence perpetrated by Mr. Brown, she qualifies as a surviving spouse because the statute provides an exception in cases "where there was a separation which was due to the misconduct of, or procured by, the veteran without the fault of the spouse." *Id.* (quoting 38 U.S.C. § 101(3)). Second, she argues that the Veterans Court erred by reviewing under a higher-than-required standard the VA's failure to obtain Mr. Brown's treatment records, which Ms. Brown considers

relevant to her allegations of abuse. *Id.* at 8–11. Finally, Ms. Brown argues that, on appeal, the Veterans Court impermissibly made a factual finding in the first instance that she was not a victim of domestic abuse. *Id.* at 29–30. For the reasons stated below, we *affirm*.

## BACKGROUND

While the parties discuss many details regarding Ms. Brown's back and forth with the VA and the Board with respect to her claim, there are only two pertinent facts of note. First, by the time the VA rejected Ms. Brown's claim and that rejection was affirmed on appeal, it was undisputed that the Browns had divorced on October 4, 2013 and that Mr. Brown did not pass away until May 4, 2014. Second, before her appeal to the Veterans Court, Ms. Brown did not claim or present evidence to support a claim that the couple's divorce was caused by domestic violence perpetrated by the veteran. In affirming the denial of benefits, the Veterans Court noted that Ms. Brown "ha[d] not pointed to any factual predicate in the record for this newly raised theory of entitlement—specifically, evidence that she and the veteran divorced because of his abuse[.]" *Brown*, 2018 WL 6036581, at \*5. Accordingly, the court refused to address "the remaining legal question—whether VA's regulatory definition of a surviving spouse is a permissible interpretation of Congress' statutory definition." *Id.*

## JURISDICTION

We first briefly address the government's claim that we lack jurisdiction over this appeal. Our jurisdiction over the decisions of the Veterans Court is limited by statute. *Bond v. Shinseki*, 659 F.3d 1362, 1366 (Fed. Cir. 2011). Under 38 U.S.C. § 7292(d)(2), we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). The government claims that the Veterans Court declined to address the main legal

contention Ms. Brown asserted in her appeal before that court and which she asserts again here—that the domestic abuse exception in 38 U.S.C. § 101(3) obviates the need to prove an existing marriage as of the date of death. Instead, the government asserts that the Veterans Court's decision was predicated on factual conclusions which we may not review. We disagree.

We see at least one legal issue on which we may ground jurisdiction: the assertion that the Veterans Court erred in its analysis of the VA's duty to assist in obtaining necessary evidence pursuant to 38 U.S.C. § 5103A and the related implementing regulations. While it is true that we may not review the Veterans Court's factual conclusion that the VA satisfied its duty to assist, we may, and have, reviewed the Veterans Court's characterization of the nature of that duty. *See, e.g.*, *Jones v. Wilkie*, 918 F.3d 322 (Fed. Cir. 2019). We, thus, proceed to consider this appeal.

## DISCUSSION

Again, the parties discuss the scope of the VA's duty to assist in the context of a spouse's claim for death benefits at some length. They discuss the relevant governing statutes and regulations and whether our prior decisions support their respective positions. And, they debate whether the Veterans Court made a factual finding regarding whether Ms. Brown was, in fact, the victim of domestic abuse. As with our consideration of the parties' respective discussions of the factual and procedural background surrounding Ms. Brown's claim, we find little of relevance in those discussions.

Contrary to Ms. Brown's claim that we have never considered the issue, we have considered and decided the ultimate legal issue underlying Ms. Brown's claim—whether or not a claimant seeking death benefits must demonstrate that she was married to the veteran at the time of his death where she claims the divorce was brought on by the veteran's physical abuse. In *Haynes v. McDonald*, 785 F.3d

614, 616 (Fed. Cir. 2015), we answered that question in the affirmative. Marriage at the time of death is a necessary predicate for a spousal death benefit claim, regardless of the reason for the divorce. *Id.* ("Section 3.50(b) defines the 'surviving spouse' as someone 'who was the spouse of the veteran at the time of the veteran's death,' tracking the statute[, 38 U.S.C. 101(3)]. No exception to this clear statutory mandate and regulation is indicated."). While that conclusion may seem harsh, particularly in the context of Ms. Brown's assertions, it is the one we reached in *Haynes* based on our interpretation of § 101(3) and its implementing regulations.

Whether the VA adequately assisted Ms. Brown in searching for records that would support her assertion that she was abused, and whether the Veterans Court made an improper fact-finding regarding that assertion, are ultimately irrelevant to the disposition of this appeal. Under *Haynes*, in order to prevail on her claim, Ms. Brown must prove that she was married to Mr. Brown at the time of his death. Ms. Brown concedes that her marriage to Mr. Brown ended on October 4, 2013. Appellant's Br. 4. In these circumstances, we need not examine whether the Veterans Court erred in applying the VA's duty to assist. As we have previously explained, "[w]e can . . . affirm 'a Veterans Court decision on the basis of harmless error when application of the correct legal standard to *undisputed* facts establishes that the judgment of the Veterans Court [is] correct[.]'" *Menegassi v. Shinseki*, 638 F.3d 1379, 1383 (Fed. Cir. 2011) (quoting *Wood v. Peake*, 520 F.3d 1345, 1348 (Fed. Cir. 2008)). Any error in the Veterans Court's conclusion that the VA met its duty to assist is harmless because, under *Haynes*, Ms. Brown's claim is legally meritless. Accordingly, we affirm the Veterans Court's judgment.

6                                                      BROWN v. WILKIE

CONCLUSION

For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.