Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 190731-23451
DATE: June 30, 2021

ORDER

New and relevant evidence having been submitted, readjudication of the previously denied claim for entitlement to service connection for posttraumatic stress disorder (PTSD) due to military sexual trauma (MST) is granted.

Entitlement to service connection for PTSD due to MST is granted

FINDINGS OF FACT

1. New evidence received after the December 2018 denial, specifically an April 2019 medical assessment, is relevant to the issue of entitlement to service connection for PTSD due to MST.

2. Resolving reasonable doubt in favor of the Veteran, her diagnosed PTSD is causally related to a corroborated in-service stressor.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for PTSD due to MST have been met. 38 U.S.C. §§ 1110, 5108; 38 C.F.R. § 3.156 (d), 3.304 (f)(5).

2. The criteria for service connection for PTSD have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.303, 3.304.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Navy from February 1978 to July 1980. 

A rating decision was issued under the legacy system in March 2016. In June 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in September 2018. 

In May 2019, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested review of the RAMP HLR decision based on new and relevant evidence. In June 2019, the AOJ issued the supplemental claim decision on appeal, which found that new and relevant evidence had not been received.

In the July 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. Therefore, the Board must determine whether new and relevant evidence has been received based on the evidence of record at the time of the June 2019 supplemental claim decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a). 

The Veteran testified at a hearing before the undersigned in March 2021. A transcript of the proceeding is of record.

1. New and relevant evidence 

The Veteran appeals the finding that new and relevant evidence had not been submitted to reopen the claim for service connection for PTSD due to MST. In a September 2018 rating decision, the previous denial of service connection for PTSD was confirmed and continued based on there being no credible supporting evidence that the claimed in-service stressor occurred.

The Veteran submitted a Supplemental claim in May 2019. In a July 2019 rating decision, the AOJ found that the claim for service connection for PTSD remained denied because the evidence submitted was not new and relevant.

To establish service connection, a veteran must generally show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

There are particular requirements for establishing service connection for PTSD in 38 C.F.R. § 3.304(f) that are separate from those for establishing service connection generally. Arzio v. Shinseki, 602 F.3d 1343, 1347 (Fed. Cir. 2010). Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125 (a); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f) and 38 C.F.R. § 4.125 (requiring PTSD diagnoses to conform to the DSM-IV/V).

If a PTSD claim is based on MST or personal assault in service, evidence from sources other than the veteran's records may corroborate the veteran's account of the stressor incident. Examples of such evidence include, but are not limited to: records from law enforcement authorities, rape crisis centers, mental health counseling centers, hospitals or physicians; pregnancy tests or tests for sexually transmitted diseases; and statements from family members, roommates, fellow service members, or clergy. Menegassi v. Shinseki, 638 F.3d 1379 (Fed. Cir. 2011); 38 C.F.R. § 3.304 (f)(5).

VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. 38 U.S.C. § 1154(a). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

If the evidence is competent, the Board must then determine if the evidence is credible, or worthy of belief. Barr v. Nicholson, 21 Vet. App. 303, 308 (2007) (observing that once evidence is determined to be competent, the Board must determine whether such evidence is also credible). After determining the competency and credibility of evidence, the Board must then weigh its probative value. In this regard, the Board may properly consider internal inconsistency, facial plausibility, and consistency with other evidence submitted on behalf of the claimant. Caluza v. Brown, 7 Vet. App. 498, 511-12 (1995).

The Board finds that the information provided, and evidence associated with the Veteran's claims file after the September 2018 decision and within the evidence window for this appeal is new and relevant evidence sufficient to permit reopening his claim. As such, the Board will permit reopening the claim.

The Veteran first reported experiencing MST in December 2003. At that time, the Veteran informed a VA psychologist that she had been coping with mental health issues for many years without treatment and she wants to understand what happened to her. She described being sexually abused while stationed in California in 1978 and that she was told not to disclose the abuse by her superiors. Also, the Veteran indicated that she suffered from substance abuse following active service. Upon examination, the social worker diagnosed the Veteran with cocaine abuse, sustained full remission; adult sexual abuse; and dysthymia, by history. Subsequently, the Veteran was later diagnosed with PTSD and continues to receive treatment for PTSD. The Board notes that these records failed to indicate whether the Veteran's service treatment records or entire medical treatment history was reviewed or considered.

In support of the application to reopen, the Veteran submitted an April 2019 cognitive and psychosocial assessment. In that assessment, the examiner diagnosed the Veteran with PTSD due to MST. She indicated that the Veteran first began to experience symptoms of PTSD during service, which went untreated and evidenced by her receiving an article 10 for being disrespectful to one of her superiors. Further, the examiner explained that the Veteran coped with her untreated PTSD by abusing substances. And the functional impacts of her diagnosis have had a significant impact on her ability to maintain healthy relationships with romantic partners and cope appropriately with stressors after her time in service. Additionally, the examiner opined that as a result of a lieutenant instructing her "not to say anything to anyone about these events because the Navy was handling it," the Veteran did not receive adequate support or treatment while in the military to cope with these events. Further, the examiner explained that the Veteran would not have been likely to report the abuse for fear of risk to her career, as her abuser was her direct superior, and as a minority-women in the military. The examiner stated the Veteran "was subjected to months of degradation, repeated sexual contact, and abuse of power by her [Command Master Chief], someone whom she considered an authority figure and must be obeyed. 

The AOJ denied the claim on the basis of no corroboration of the PTSD stressor and found that the April 2019 cognitive and psychosocial assessment was insufficient to corroborate the stressor in service. However, for reopening purposes, the Board must accept as true the facts recollected in the April 2019 assessment. Justus v. Principi, 3 Vet. App. 510 (1992). The examiner provided opinion that the stressors could be corroborated by behavioral changes after the alleged assault occurred such as disrespect to superiors, decreased participation in drill during reserve service, post active duty substance abuse, and difficulty maintaining healthy relationships with romantic partners. Medical opinions based on post-service examinations of a Veteran may be submitted for use in determining whether the occurrence of the stressor is corroborated. Menegassi, 638 F.3d. at 1382. As such, accepting the premise of the opinion as true for reopening purposes, the Board finds that the Veteran has submitted new and relevant evidence regarding whether her PTSD stressor has been corroborated.

2. PTSD due to MST 

As stated above, there are particular requirements for establishing service connection for PTSD in 38 C.F.R. § 3.304(f) that are separate from those for establishing service connection generally. Arzio v. Shinseki, 602 F.3d 1343, 1347 (Fed. Cir. 2010). Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f) and 38 C.F.R. § 4.125 (requiring PTSD diagnoses to conform to the DSM-IV/V).

If a PTSD claim is based on Military Sexual Trauma (MST) or personal assault in service, evidence from sources other than the veteran's records may corroborate the veteran's account of the stressor incident. Examples of such evidence include, but are not limited to: records from law enforcement authorities, rape crisis centers, mental health counseling centers, hospitals or physicians; pregnancy tests or tests for sexually transmitted diseases; and statements from family members, roommates, fellow service members, or clergy. Mengassi, 638 F.3d 1379 (Fed. Cir. 2011); 38 C.F.R. § 3.304(f)(5).

Turning to the merits of the claim, the Veteran contends that her diagnosed PTSD is due to MST. She avers that her documented reprimand during service and post service substance abuse is evidence of the occurrence of MST. Upon consideration of the evidence and resolving all reasonable doubt in the Veteran's favor, the Board agrees and finds that service connection for PTSD due to MST is warranted.

Regarding nexus, in April 2019, the Veteran underwent a private cognitive and psychosocial assessment. Upon review of the record and interview of the Veteran, the examiner diagnosed the Veteran with PTSD. The examiner reviewed the Veteran's service treatment records, military personnel records, and post service treatment records. The examiner found that the Veteran's documented behavioral changes, as evidenced by her receiving an article 10 for being disrespectful to one of her superiors, decreased participation in drill during reserve service, post active duty substance abuse, and difficulty maintaining healthy relationships with romantic partners were indicative that MST occurred. Based on the in-service markers and post service difficulties the examiner opined that the Veteran has PTSD due to MST, which began during active service Further, the examiner explained that the Veteran would not have been likely to report the abuse for fear of risk to her career, as her abuser was her direct superior, and as a minority-women in the military. See May 2019 Medical Treatment Record - Non-Government Facility. 

In Menegassi, 638 F.3d 1379, 1382 (Fed. Cir. 2011) the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that under § 3.304(f)(5), "medical opinion evidence may be submitted for use in determining whether the occurrence of a stressor is corroborated." This holding was based, in part, on the final rule for 38 C.F.R. § 3.304(f)(5) which stated that a doctor's diagnosis of PTSD based on personal assault may constitute competent medical evidence sufficient to corroborate the stressor. 67 Fed. Reg. 10330-31 (Mar. 7, 2002).

Resolving reasonable doubt, the Board finds that the Veteran's diagnosed PTSD is causally related to a corroborated in-service stressor. In this respect, the Board finds no evidence impeaching the April 2019 private examiner's interpretation that the Veteran's account of an MST event is credible which, per Menegassi, is sufficient corroboration. The claim, therefore, is granted.

 

 

T. MAINELLI

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Patrick C. Brady, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.