NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK J. STILES,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-2252

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-3523, Judge Amanda L. Meredith, Judge Coral Wong Pietsch, Judge Margaret C. Bartley.

---

Decided:  June 23, 2026

---

ADAM R. LUCK, GloverLuck, LLP, Dallas, TX, argued for claimant-appellant.  Also represented by AMANDA SUNDAY.

REBECCA TAYLOR MITCHELL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., PATRICIA M.

MCCARTHY, BRETT SHUMATE, EVAN WISSER; BRIAN D. GRIFFIN, DAVID HARMANTAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, TARANTO, and CUNNINGHAM, *Circuit Judges*.

TARANTO, *Circuit Judge*.

Veteran Mark Stiles, dissatisfied with the ruling of the regional office of the Department of Veterans Affairs (VA) on two disability-benefit claims, appealed to the Board of Veterans' Appeals (Board). The Board, rather than deciding whether Mr. Stiles was entitled to what he sought on those claims, remanded them to the regional office for further proceedings. That remand was not appealed, and undisputedly was not appealable, to the United States Court of Appeals for Veterans Claims (Veterans Court) under 38 U.S.C. § 7252(a), which grants the Veterans Court "jurisdiction to review decisions of the Board." But Mr. Stiles had also asserted to the Board that the record revealed two additional claims, which he argued had not been adjudicated by the VA regional office; and as to those claims, the Board did not explicitly either remand or refer them to the regional office. Mr. Stiles filed an appeal to the Veterans Court regarding those claims, arguing that the Board had breached a regulation-based duty to refer them to the regional office. The Veterans Court dismissed the appeal for lack of jurisdiction. *Stiles v. McDonough*, 37 Vet. App. 328 (2024) (*2024 CAVC Decision*). Mr. Stiles appeals from that dismissal. We affirm.

I

Mr. Stiles served on active duty in the United States Air Force from July 1992 to October 1999. In 2006, he filed with VA a claim for service-connected disability benefits, *see* 38 U.S.C. § 1110, for nasal sinus septoplasty, but the

relevant VA regional office denied the claim the next year. Mr. Stiles filed a notice of disagreement and, by letter from his representative, informed VA that he was experiencing "vertigo." J.A. 82.

In December 2008, the regional office responded to the letter. It noted that VA classifies vertigo as merely a symptom of a separately identified disability and stated that service connection for vertigo had not yet been addressed by VA and that no action would be taken respecting vertigo unless Mr. Stiles claimed a specific disability associated with it. J.A. 83–84.

In February 2013, the Board made a positive determination regarding the claim based on nasal sinus septoplasty, finding service connection of the disabilities of chronic sinusitis and allergic rhinitis. J.A. 85–101. In its decision, the Board observed that Mr. Stiles's 1997 treatment records reflected a diagnosis of sleep apnea and that his post-service medical records showed he had "symptoms" of "dizziness." J.A. 92.

A month later, the regional office issued disability ratings for chronic sinusitis and allergic rhinitis. J.A. 104–07. Mr. Stiles filed a notice of disagreement to seek increased ratings, contending in particular that his conditions "affected [his] ability to sleep." J.A. 112. In 2018, the Board remanded the matter for further consideration of the chronic sinusitis and allergic rhinitis ratings, J.A. 137–39, but the regional office in May 2019 declined to alter the ratings on the remand, J.A. 142–52. In September 2019, Mr. Stiles returned to the Board, submitting written arguments, J.A. 154–63, which included a contention that there were pending, unadjudicated claims before VA for vertigo and sleep apnea, J.A. 158–62.

On November 14, 2019, the Board issued an order (2019 Board Decision) remanding the case because "[a]dditional development [was] needed," J.A. 164, and in its brief explanation, the Board identified only chronic sinusitis and

allergic rhinitis as the subject of the remand, J.A. 165–66. The Board directed VA to "[o]btain the Veteran's VA treatment records" and explained that the "examiner should review the VA and private treatment records that have been associated with the claims file since [ ] April 2019 . . . [and] provide an addendum opinion that addresses this additional information." J.A. 166–67. The 2019 Board Decision did not mention vertigo or sleep apnea.

In March 2020, Mr. Stiles moved for reconsideration, asking the Board to address the vertigo and sleep-apnea claims that he had raised in his September 2019 letter and arguing that the Board had a duty to consider all theories of entitlement to the benefits reasonably raised by the record. J.A. 168–70. A month later, the Board concluded that the motion for reconsideration "must be dismissed" because "the Board has not yet rendered a final decision on the above issues," having only issued "a remand [that] is in the nature of a preliminary order, issued for the purpose of developing all pertinent evidence prior to appellate review." J.A. 171. The Board added that "[w]hen the development is finished, the Agency of Original Jurisdiction (AOJ) [*i.e.*, the regional office] will readjudicate the appeal"; "[i]f the decision remains unfavorable, the case will be returned to the Board for a comprehensive review of the entire record"; and "[t]he additional evidence submitted with [Mr. Stiles's] [m]otion will be forwarded to the AOJ for appropriate action." *Id.*

In May 2020, Mr. Stiles appealed from the 2019 Board Decision to the Veterans Court. The Secretary (head of VA) moved for dismissal, contending that the 2019 Board Decision is not a decision that the Veterans Court has jurisdiction to review. Mr. Stiles opposed the dismissal. In 2021, the Veterans Court agreed with the Secretary, but it later permitted the case to proceed to oral argument.

In 2022, while Mr. Stiles's appeal was still pending before the Veterans Court, the Board granted his request for

an increased rating of the chronic-sinusitis claim, and in doing so, it noted that Mr. Stiles's records indicated that he had experienced vertigo. J.A. 284. The Board also remanded his allergic-rhinitis claim. J.A. 290–91. The Board did not, however, address the sleep apnea claim.

In May 2024, the Veterans Court again dismissed Mr. Stiles's appeal for lack of jurisdiction, reasoning that the 2019 Board Decision was not a "decision" within 38 U.S.C. § 7252 because it contained no express or implicit grant or denial of any of the claims at issue. *2024 CAVC Decision*, 37 Vet. App. at 336–39. It was undisputed that the Board's remand of the chronic-sinusitis and allergic-rhinitis claims was not a "decision." *Id.* at 336. And, the Veterans Court concluded, the Board simply made no "decision" granting or denying the vertigo and sleep-apnea claims—not even about "the question of whether [Mr. Stiles] had unadjudicated pending claims" based on vertigo and sleep apnea. *Id.* at 338.

The Veterans Court entered final judgment in June 2024. J.A. 12. Mr. Stiles timely appealed.

II

Mr. Stiles argues that the Veterans Court legally erred when it concluded that it lacked jurisdiction to issue the directive to the Board that he seeks, namely, a directive requiring the Board to refer the vertigo and sleep-apnea claims to the regional office for adjudication. *See* Appellant's Opening Br. at 12–15, 18–19. For the Board obligation to make the referral, Mr. Stiles relies on a regulation, 38 C.F.R. § 20.904(b), which states, in relevant part, that "[t]he Board shall refer to the agency of original jurisdiction for appropriate consideration and handling in the first instance all claims reasonably raised by the record that have not been initially adjudicated by the agency of original jurisdiction." *Id.* The premise of Mr. Stiles's contention, and of the Veterans Court decision he challenges, is that the

regional office did not adjudicate either the merits or the pendency of vertigo and sleep-apnea claims.

We have jurisdiction to hear this appeal. "After a decision of the [Veterans Court] is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of a decision . . . on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision."  38 U.S.C. § 7292(a).  Mr. Stiles asserts that the Veterans Court misinterpreted its jurisdictional statute, 38 U.S.C. § 7252, so as to prevent Veterans Court enforcement in this case of the Board referral authority set forth in 38 C.F.R. § 20.904(b).  That assertion presents a legal issue that is within our jurisdiction to address.  *Roane v. McDonough*, 64 F.4th 1306, 1308 (Fed. Cir. 2023).

Without definitively resolving the issue, we conclude that Mr. Stiles has not made a persuasive argument that the Veterans Court committed error regarding its jurisdictional statute.  Mr. Stiles focuses overwhelmingly on the *Board*'s obligations under the *regulation* addressing Board referral of certain unadjudicated matters to the regional office.  But that focus does not address the *Veterans Court*'s jurisdiction under its relevant *statute*.  Mr. Stiles asserts that the Veterans Court must have jurisdiction to enforce that regulation, but he does not provide a coherent, persuasive explanation of why the Veterans Court has statutory jurisdiction in this case even if he is right about the asserted regulatory duty of the Board.  The governmental bodies are different, and the sources of law are different.  Mr. Stiles has not made the double shift needed to show error in the Veterans Court's statutory-jurisdiction ruling.

The statute grants jurisdiction to the Veterans Court "to review decisions of the Board."  38 U.S.C. § 7252(a).  "A 'decision' of the Board, for purposes of the Veterans Court's jurisdiction under section 7252, is the decision with respect

to the benefit sought by the veteran." *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000) (explaining that the jurisdictional focus is on whether there was a decision to grant or deny a benefit, not on whether particular arguments were made and addressed). Here, there is no evident "decision" on *any* benefit in the 2019 Board Decision.

Mr. Stiles agrees that the Board's remand on the chronic-sinusitis and allergic-rhinitis claims did not constitute a decision, as made clear by long-settled precedent. *See Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005) (explaining that a remand is not a "decision"); *Howard v. Gober*, 220 F.3d 1341, 1343–44 (Fed. Cir. 2000) (same); Appellant's Opening Br. at 19. The only other claims raised before the Board were about vertigo and sleep apnea, and they must stand on their own for jurisdictional purposes. That might always be true for distinct claims, *see Kirkpatrick*, 417 F.3d at 1365 (discussing *Howard*, 220 F.3d at 1344), but it is certainly true here, where the other claims before the Board (chronic sinusitis and allergic rhinitis) undisputedly did *not* generate a Board "decision" within § 7252.

Neither the 2019 Board Decision nor the subsequent dismissal of Mr. Stiles's request for reconsideration explicitly ruled on or even addressed the vertigo and sleep-apnea claims. J.A. 164–67, 171–72. Because, on Mr. Stiles's own premise, there was no regional-office disposition of these claims, this is not a case like *Bean v. McDonough*, 66 F.4th 979, 988 (Fed. Cir. 2023), where Board silence about a claim that the regional office had denied itself constituted a Board denial of ("decision" on) the claim (without explanation). Here, regardless of how one reads the reconsideration-motion dismissal, the Board did not grant or deny those claims. At a minimum, it simply left further consideration to the regional office; the Board did not itself decide either the merits or even the existence of such asserted unadjudicated claims. Nothing in Mr. Stiles's arguments to us, which focus on the asserted Board obligation to "refer"

these claims to the regional office, establishes a jurisdictional basis for the Veterans Court.

We need not explore further or reach a definitive conclusion about the jurisdictional issue. In this case, we conclude, without any need to resolve factual disputes, that Mr. Stiles has identified no prejudice, *i.e.*, no harmful error, even if we assume that the Veterans Court was wrong about its jurisdiction to consider directing the Board to refer the at-issue claims to the regional office, as sought by Mr. Stiles. *See Menegassi v. Shinseki*, 638 F.3d 1379, 1383 (Fed. Cir. 2011) (recognizing that, as long as we do not make factual findings reserved to the Veterans Court and Board, we may affirm the Veterans Court's judgment even if it committed a legal error where the standard for harmless error is met). In this respect, we follow a course similar to the one we followed in our nonprecedential decision in *Batson v. Collins*, No. 2023-2408, 2025 WL 1387730 (Fed. Cir. May 14, 2025).

*Batson*, like this case, involved an invocation of 38 C.F.R. § 20.904(b). We recognized that the regulation suggests on its face the existence of some "Board authority to act on some issues not yet adjudicated by the [regional office], perhaps including when the veteran points out such issues." *Batson*, 2025 WL 1387730, at *2. But we did not "decide the interpretive question" because we did not see how "the answer to it would make a difference." *Id.*

We explained that "[a]ll Mr. Batson seeks is a Board directive to the [regional office] to adjudicate the assertedly still-pending . . . claim." *Id.* But, we reasoned, there was an established procedure for securing the desired adjudication; indeed, "it has long been recognized by the Veterans Court that 'the appropriate procedure for a claimant who believes that his claim is unadjudicated is to pursue resolution of the claim by the regional office.'" *Id.* (quoting *Cogburn v. Shinseki*, 24 Vet. App. 205, 215 n.5 (2010) (internal citation and quotation marks omitted)). And "use of that

procedure, compared to securing the Board order he seeks in this appeal, would not impair" the veteran's interests, including "his entitlement to [the] effective date" he sought "if otherwise warranted." *Id.*

We see no reason for a different conclusion here. Mr. Stiles may pursue the benefits before the regional office. The regional office decision(s) may then be reviewed by the Board. *See Bean*, 66 F.4th at 982–83. Mr. Stiles has not identified any concrete, non-speculative way in which he would be worse off following that procedure than he would be with the referral he seeks.

## III

We therefore affirm the Veterans Court's dismissal of Mr. Stiles's appeal. The parties shall bear their own costs.

**AFFIRMED**